■ In the Matter of the Claim of SANDRA L. MOSS, Respondent. GREECE CENTRAL SCHOOL DISTRICT, Appellant; COMMISSIONER OF LABOR, Respondent. [779 NYS2d 846]—

Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 27, 2002, which ruled that claimant was entitled to receive unemployment insurance benefits.

During the 2001-2002 school year, claimant worked as a bus

attendant for the employer, a school district. Shortly before the 2002 summer recess, she received a letter from the employer notifying her that her employment would be continued in the 2002-2003 school year "provided that [the] school and/or student still requires additional services." However, the employer then eliminated several bus routes that had previously been available for attendants. As a result, when claimant later participated in the employer's seniority-based bidding process by which bus drivers and attendants select bus routes for the next school year, she was able to secure only 4.5 hours of work per school day rather than the 7.75 hours that she had worked during the prior school year.

The Department of Labor denied claimant's application for unemployment insurance benefits for the 2002 summer recess after determining that she had received a reasonable assurance of continued employment in the 2002-2003 school year. Following a hearing, an Administrative Law Judge found that claimant did not have a reasonable assurance of performing comparable services in the 2002-2003 school year because she would not earn at least 90% of her 2001-2002 earnings due to the reduced hours of work and, therefore, found she was entitled to benefits. The Unemployment Insurance Appeal Board adopted those findings, prompting this appeal by the employer.

Labor Law § 590 (11) provides that nonprofessional employees of academic institutions are eligible for unemployment insurance benefits if they can demonstrate that they did not receive a reasonable assurance of continued employment in the same capacity for the next academic year (see *Matter of Goodman [Barnard Coll.—Commissioner of Labor]*, 95 NY2d 15, 20 [2000]; *compare* Labor Law § 590 [10] [professional employees]). This issue has been held to present a question of fact to be resolved by the Board and its decision will not be disturbed as long as there is substantial evidence to support it (see *Matter of Filetto [Union-Endicott Cent. School Dist.—Commissioner of Labor]*, 301 AD2d 772, 773 [2003]).

Here, the employer argues that it gave claimant a reasonable assurance of similar employment in the next school year and the Board arbitrarily used 90% of former earnings as the test of the comparability of claimant's employment between the two school years. We disagree. Although the Administrative Law Judge did not cite the source of the rule used here, we have recognized that in construing similar statutory language in Labor Law § 590 (10), the Department interprets "reasonable assurance" to mean the same 90% of earnings criterion used in determining whether a job offer is substantially less favorable

under Labor Law § 593 (2) (d) (*see Matter of Abramowitz [City Univ. of N.Y.—Hartnett]*, 156 AD2d 837, 839 [1989], *lv denied* 75 NY2d 711 [1990]; *Matter of Makis [Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.—Commissioner of Labor]*, 251 AD2d 928, 929 [1998]). Viewing only the record before us, which contains no evidence that applying the same interpretation to Labor Law § 590 (11) was irrational or arbitrary, we decline to disturb the Board's decision.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.