■ In the Matter of the Claim of CHARLES J. MURPHY, Respondent. COPAKE-TACONIC CENTRAL SCHOOL DISTRICT, Appellant; COMMISSIONER OF LABOR, Respondent. [792 NYS2d 706]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 22, 2003, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant worked 25 days as a per diem substitute teacher for the Copake-Taconic Central School District during the 2002-

2003 school year. At the close of that school year, he received a letter from the District informing him that the District wished to retain him as a substitute teacher for the 2003-2004 school year and requesting that he sign and return the letter if he wished to continue. The letter did not inform claimant of how many days he would be called to substitute. Claimant responded that he wished to be retained on the substitute list. During the summer of 2003, he applied for unemployment insurance benefits. Although he initially was denied benefits, this decision was overruled by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board affirmed, resulting in this appeal by the District.

Initially, we note that Labor Law § 590 (10) precludes a claimant who is a professional employee of an educational institution from receiving unemployment insurance benefits during the time period between two successive academic years where the claimant has received "a reasonable assurance that the claimant will perform[ ] services in such capacity for any such institution or institutions for both of such academic years or such terms." A reasonable assurance, however, has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period (*see Matter of Moss [Greece Cent. School Dist.—Commissioner of Labor]*, 9 AD3d 753, 754 [2004]; *Matter of Abramowitz [City Univ. of N.Y.—Hartnett]*, 156 AD2d 837, 839 [1989], *lv denied* 75 NY2d 711 [1990]; *see also Matter of Makis [Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.—Commissioner of Labor]*, 251 AD2d 928, 929 [1998]). Here, the District did not make any representations concerning the amount of work that claimant could expect during the 2003-2004 academic year, and its representatives testified that this was not known. Consequently, we find that substantial evidence supports the Board's decision and we decline to disturb it.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.