■ In the Matter of the Claim of JOSE G. MARIN, Appellant. NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent; COMMISSIONER OF LABOR, Respondent. [889 NYS2d 726]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 2009, which ruled that claimant was ineligible to receive unemployment insurance benefits because he received a reasonable assurance of continued employment.

Claimant was employed as a per diem substitute paraprofessional in the New York City School District during the 2007-2008 school year, during which he worked 27 days. In June 2008, the school district sent claimant a letter assuring him of continued employment as a per diem paraprofessional during the 2008-2009 school year, with anticipation that there would be as much work available as during the previous school year under substantially the same economic terms and conditions. Nevertheless, claimant applied for unemployment insurance benefits and the Unemployment Insurance Appeal Board ruled that he was ineligible to receive them because he had received a reasonable assurance of continued employment from the school district. Claimant appeals.

Labor Law § 590 (11) precludes a claimant who is a nonprofessional employee of an educational institution from receiving unemployment insurance benefits between two successive academic years when that claimant has received a reasonable assurance of continued employment in the same capacity for the next academic year (see Matter of Fischer [Children's Corner of Larchmont/Mamaroneck—Commissioner of Labor], 26 AD3d 551, 552 [2006]; Matter of Moss [Greece Cent. School Dist.—Commissioner of Labor], 9 AD3d 753, 754 [2004]). Reasonable assurance has been interpreted as a representation by the employer that "substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor], 17 AD3d 762, 763 [2005]; see Matter of Moss [Greece Cent. School Dist.—Commissioner of Labor], 9 AD3d at 754-755). Here, the testimony of the school district's representative, together with the June 2008 letter, demonstrated that the school district planned to hire claimant for at least as many days in the 2008-2009 school year as it had in the previous year at the same rate of pay and, thus, we find that the Board's determination that claimant was ineligible to receive benefits is supported by substantial evidence (see e.g. Matter of Papapietro [Commissioner of Labor], 34 AD3d 956, 957 [2006]; Matter of Cortorreal [New York City Dept. of Educ.—Commissioner of Labor], 32 AD3d 1126, 1127 [2006]).

Mercure, J.P., Spain, Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.