■ In the Matter of the Claim of CHAND SULTANA, Appellant. NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent; COMMISSIONER OF LABOR, Respondent. [914 NYS2d 354]—

Kavanagh, J. Appeal from a decision of the Unemployment

Insurance Appeal Board, filed May 4, 2009, which ruled that claimant was ineligible to receive unemployment insurance benefits because she had a reasonable assurance of continued employment.

Claimant, a per diem substitute teacher employed by the New York City Department of Education, worked a total of 138 days during the 2007-2008 school year. On June 13, 2008, claimant received a letter from the employer assuring her of continued employment during the upcoming 2008-2009 school year. The letter also informed claimant that the amount of work available and the economic terms and conditions of employment were to be substantially the same as in the previous year. After claimant applied for unemployment insurance benefits for the summer of 2008, the Unemployment Insurance Appeal Board determined that she was ineligible to receive them because she had received a reasonable assurance of continued employment pursuant to Labor Law § 590 (10). Claimant appeals.

We affirm. "A professional employee of an educational institution is precluded from receiving unemployment insurance benefits during the time between two successive academic years where the claimant has received a reasonable assurance of continued employment" (*Matter of Schwartz [New York City Dept. of Educ.—Commissioner of Labor]*, 68 AD3d 1323, 1324 [2009] [citations omitted]; *see* Labor Law § 590 [10]; *Matter of Jeanty [New York City Dept. of Educ.—Commissioner of Labor]*, 65 AD3d 1437, 1437-1438 [2009]), and the Board's factual determination in this regard will be upheld if it is supported by substantial evidence (*see Matter of Papapietro [Commissioner of Labor]*, 26 AD3d 577, 578 [2006]). Here, a representative for the employer testified that claimant would have as many opportunities to work during the 2008-2009 school year as she had the prior year because, as more schools were to be opened, there would be a greater demand for substitute teachers and there had been no reduction in the budget. Such testimony, along with the letter sent to claimant by the employer, constitutes substantial evidence supporting the Board's determination (*see Matter of Hammond [Commissioner of Labor]*, 252 AD2d 638 [1998]; *compare Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor]*, 17 AD3d 762, 763 [2005]).

Peters, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.