■ In the Matter of the Claim of PATRICIA J. MURPHY, Appellant. COMMISSIONER OF LABOR, Respondent. [925 NYS2d 729]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 1, 2010, which ruled that claimant was ineligible to receive unemployment insurance benefits because she had a reasonable assurance of continued employment.

Claimant was employed as a per diem substitute teacher in Manhattan and the Bronx by the New York City Department of Education during the 2008-2009 school year for a total of 154 days. On June 12, 2009, claimant was sent a letter by the employer assuring her of continued employment during the upcoming 2009-2010 school year, with the amount of work available and the economic terms and conditions of employment to be substantially the same as in the previous year. Claimant applied for unemployment insurance benefits for the summer of 2009 and the Unemployment Insurance Appeal Board ultimately determined that she was ineligible to receive them as she had received a reasonable assurance of continued employment pursuant to Labor Law § 590 (10). Claimant now appeals.

We affirm. A professional employed by an educational institution is precluded from receiving unemployment insurance benefits for the period between two successive academic years when he or she has received a reasonable assurance of continued employment (*see* Labor Law § 590 [10]; *Matter of Sultana [New York City Dept. of Educ.—Commissioner of Labor]*, 79 AD3d 1552, 1553 [2010]; *Matter of Schwartz [New York City Dept. of Educ.—Commissioner of Labor]*, 68 AD3d 1323, 1324 [2009]). Here, a representative from the employer testified that claimant would have as many opportunities to work during the 2009-2010 school year as she had the prior year because there were expected to be the same number of teachers and students, there were no budgetary or other impediments to hiring claimant and the list of potential substitute teachers had been reduced from 12,000 to 9,000. That testimony, along with the letter sent to claimant and her professed belief that she would be offered the same amount of work, provide substantial evidence to support the Board's determination (*see Matter of Schwartz [New York City Dept. of Educ.—Commissioner of Labor]*, 68 AD3d at 1324; *Matter of Jeanty [New York City Dept. of Educ.—Commissioner of Labor]*, 65 AD3d 1437, 1438 [2009]).

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.