Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 6, 2012, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she had a reasonable assurance of continued employment.
After claimant was laid off from her position as a full-time special education teacher for the employer during the 2009-2010 academic year, she remained on the employer’s payroll at a reduced salary for the following academic year as a coach and per diem substitute teacher. In June 2011, prior to the end of the 2010-2011 academic year, claimant received a telephone call from the employer offering her a full-time position as a special education teacher for the 2011-2012 academic year at a salary 5% higher than her former full-time employment. Although claimant verbally accepted the position, she nevertheless filed a claim for unemployment insurance benefits effective July 11, 2011. Claimant received a memorandum in August 2011 confirming her employment. Ultimately, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive benefits because she had received a reasonable assurance of continued employment pursuant to Labor Law § 590 (10). Claimant now appeals.
We affirm. “A professional employed by an educational institution is precluded from receiving unemployment insurance benefits for the period between two successive academic years when he or she has received a reasonable assurance of continued employment” (Matter of Murphy [Commissioner of Labor], 85 AD3d 1478, 1479 [2011] [citations omitted]; see Labor Law § 590 [10]). Notably, the question of whether a claimant received a reasonable assurance of reemployment for the following academic year is a question of fact and, if the Board’s findings in that regard are supported by substantial evidence, they will not be disturbed (see Matter of Sultana [New York City Dept. of Educ. — Commissioner of Labor], 79 AD3d 1552, 1553 [2010]). Here, the Board specifically credited claimant’s testimony that she was informed prior to the end of the 2010-2011 academic year that a position was available at the beginning of the upcoming 2011-2012 semester. While claimant did *1015 not receive formal notice in writing until August 2011, we find no basis to conclude that the oral assurance that claimant received in June 2011 was not sufficient and reliable under the circumstances herein (see Labor Law § 590 [10]; see generally Matter of Klein [Levine], 42 AD2d 640, 641 [1973]). Claimant’s remaining contentions, including her argument that she should not be subject to a recoverable overpayment (see Matter of Huff [Sweeney], 247 AD2d 734, 735 [1998], lv denied 92 NY2d 801 [1998]), have been examined and found to be unpersuasive.
Peters, EJ., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.