Lahtinen, J.E
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 18, 2012, which ruled that claimant was eligible to receive unemployment insurance benefits.
Claimant, an adjunct professor, taught two courses during the Spring 2011 semester. In April 2011, he received an offer to teach two courses in the Fall 2011 semester at the same rate of pay, and he accepted. Thereafter, he applied for unemployment insurance benefits for the summer recess period and the Unemployment Insurance Appeal Board ultimately determined that claimant was eligible to receive unemployment insurance benefits during the recess period because he was not being given reasonable assurance of employment for the Fall 2011 semester. The employer appeals.
“A professional employed by an educational institution is precluded from receiving unemployment insurance benefits for the period between two successive academic years when he or *1015 she has received a reasonable assurance of continued employment” (Matter of Murphy [Commissioner of Labor], 85 AD3d 1478, 1479 [2011] [citations omitted]; accord Matter of Ganster [Commissioner of Labor], 111 AD3d 1014, 1014 [2013]). “[T]he question of whether a claimant received a reasonable assurance of reemployment for the following academic year is a question of fact and, if the Board’s findings in that regard are supported by substantial evidence, they will not be disturbed” (Matter of Ganster [Commissioner of Labor], 111 AD3d at 1014; see Matter of Sultana [New York City Dept, of Educ.—Commissioner of Labor], 79 AD3d 1552, 1553 [2010]). Here, the Board found that reasonable assurance was lacking, based upon a contingency in the employer’s offer that current full-time professors could, at any time up to the first day of classes, displace claimant and teach the courses assigned to him themselves. Under these circumstances, we conclude that the Board’s decision is supported by substantial evidence and, therefore, it will not be disturbed.
McCarthy, Rose, Lynch and Devine, JJ., concur.
Ordered that the decision is affirmed, without costs.