*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                     518312
_____

In the Matter of the Claim of
    WILLIAM B. ROSENBAUM,
                        Respondent.

BOROUGH OF MANHATTAN COMMUNITY          MEMORANDUM AND ORDER
    COLLEGE, CITY UNIVERSITY OF
    NEW YORK,
                        Appellant.

COMMISSIONER OF LABOR,
                        Respondent.
_____


Calendar Date:  December 2, 2014

Before:  McCarthy, J.P., Rose, Lynch and Clark, JJ.


                    _____


        Zachary W. Carter, Corporation Counsel, New York City
(Susan Paulson of counsel), for appellant.

        Murphy, Burns, Barber & Murphy, LLP, Albany (Catherine A.
Barber of counsel), for William B. Rosenbaum, respondent.


                    _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed February 6, 2013, which, upon reconsideration,
adhered to its prior decision ruling that claimant was eligible
to receive unemployment insurance benefits.

        Claimant has worked for the employer as an adjunct lecturer
since 1991.  During the 2010-2011 academic year, he worked a
total of 150 hours, 105 hours in the 2010 fall semester and 45
hours in the 2011 spring semester, at an hourly rate of $80.70.
At the close of the 2010-2011 academic year, he received a letter
from the employer offering to reappoint him to the same position

for the 2011 fall and 2012 spring semesters at the hourly rate of $80.70. The appointment was "subject to sufficiency of enrollment, financial availability and curriculum need." Shortly after receiving this letter, the employer informed claimant that he would be assigned to work 45 hours during the 2011 fall semester, but did not specify his assignment for the 2012 spring semester. Claimant applied for unemployment insurance benefits between academic terms and was initially deemed ineligible on the basis that he had received a reasonable assurance of continued employment from the employer for the next academic year. Following a hearing, an Administrative Law Judge overruled this determination and found that claimant was eligible to receive benefits because the employer did not provide him with a reasonable assurance of continued employment under Labor Law § 590 (10). The Unemployment Insurance Appeal Board affirmed, and adhered to its decision upon reconsideration. The employer now appeals.

Labor Law § 590 (10) precludes professionals employed by educational institutions from receiving unemployment insurance benefits for periods between two successive academic years when the employer has provided them with a reasonable assurance of continued employment (see Matter of Cardin [Erie Community Coll.-Commissioner of Labor], 119 AD3d 1014, 1014-1015 [2014], lv denied ___ NY3d ___ [Jan. 20, 2015]; Matter of Murphy [Commissioner of Labor], 85 AD3d 1478, 1479 [2013]). "A reasonable assurance . . . has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor], 17 AD3d 762, 763 [2005] [citations omitted]). Whether a claimant received a reasonable assurance of employment is a question of fact for the Board to resolve and its findings in this regard will be upheld if supported by substantial evidence (see Matter of Cardin [Erie Community Coll.—Commissioner of Labor], 119 AD3d at 1015; Matter of Ganster [Commissioner of Labor], 111 AD3d 1014, 1014 [2013]).

Here, claimant worked 150 hours during the 2010-2011 academic year, but was only offered 45 hours during the 2011-2012 academic year, limited to the 2011 fall semester.  The employer did not specify any hours for the 2012 spring semester either in its reappointment letter or notice advising claimant of his assignment, and claimant was offered significantly fewer hours during the 2011 fall semester than he had worked during the 2010 fall semester.  Given that the economic terms of the offer of reappointment during the 2011-2012 academic year were substantially less favorable than claimant's earnings during the 2010-2011 academic year, substantial evidence supports the Board's finding that the employer did not provide claimant with a reasonable assurance of continued employment under Labor Law § 590 (10) (see Matter of Scott [South Colonie Cent. School Dist.–Commissioner of Labor], 28 AD3d 1027, 1028 [2006]; Matter of Murphy [Copake-Taconic Cent. School Dist.–Commissioner of Labor], 17 AD3d at 763]).

McCarthy, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court