*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520695
_____

In the Matter of the Claim of
    PAUL J. UPHAM,
                    Respondent.

DUTCHESS COMMUNITY COLLEGE,                  MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:   September 22, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Devine, JJ.


                    _____


        Roemer, Wallens, Gold & Mineaux, LLP, Albany (Earl T.
Redding of counsel), for appellant.

        Cynthia Feathers, Glens Falls, for Paul J. Upham,
respondent.


                    _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed June 11, 2014, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        Claimant worked as an adjunct instructor at a community
college and, during the fall 2013 semester, he taught three
courses in history and government.  Prior to the end of that
semester, the chair of his department asked him if he wanted to
teach potentially four courses during the spring 2014 semester
and he expressed an interest in doing so.  After the semester
ended, the college sent claimant a letter "anticipat[ing] that
[he would] be invited to return to teach," during the spring 2014
semester "subject to enrollment and/or budget constraints."

Prior to his receipt of this letter, claimant applied for unemployment insurance benefits and his claim was denied. Following a hearing, an Administrative Law Judge concluded that claimant was, in fact, eligible to receive benefits because the college had not given him a reasonable assurance of continued employment under Labor Law § 590 (10). The Unemployment Insurance Appeal Board upheld this decision and the college now appeals.

We affirm. Labor Law § 590 (10) precludes a professional employed by an educational institution from receiving unemployment insurance benefits during the period between two successive academic terms if the educational institution has provided the professional with a reasonable assurance of continued employment (see Matter of Rosenbaum [Borough of Manhattan Community Coll., City Univ. of N.Y.—Commissioner of Labor], 125 AD3d 1019, 1020 [2015]; Matter of Cardin [Erie Community Coll.—Commissioner of Labor], 119 AD3d 1014, 1014-1015 [2014], lv denied 24 NY3d 914 [2015]). A "reasonable assurance," in turn, is a representation by the educational institution "that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor], 17 AD3d 762, 763 [2005]; see Matter of Schwartz [New York City Dept. of Educ.—Commissioner of Labor], 68 AD3d 1323, 1324 [2009]). This is a factual question for the Board to resolve and its determination in this regard will be upheld if supported by substantial evidence (see Matter of Ganster [Commissioner of Labor], 111 AD3d 1014, 1014 [2013]; Matter of Sultana [New York City Dept. of Educ.—Commissioner of Labor], 79 AD3d 1552, 1553 [2010]).

Here, although the department chair mentioned that claimant could teach potentially four courses during the spring 2014 semester, which exceeded the number that he taught during the fall 2013 semester, this was never confirmed during any subsequent conversations nor in the letter sent to claimant. Significantly, the letter did not specify the details of the spring 2014 semester teaching assignment and conditioned claimant's further employment upon "enrollment and/or budget

constraints."  In cases where educational institutions have failed to set forth the terms or conditions of continued employment or have made such employment contingent upon certain conditions, courts have found that a reasonable assurance was lacking (see e.g. Matter of Rosenbaum [Borough of Manhattan Community Coll., City Univ. of N.Y.—Commissioner of Labor], 125 AD3d at 1019-1020; Matter of Cardin [Erie County Community Coll.—Commissioner of Labor], 119 AD3d at 1015; Matter of Scott [South Colonie Cent. School Dist.—Commissioner of Labor], 28 AD3d 1027, 1028 [2006]).  Given that the same situation is presented here, substantial evidence supports the Board's finding that claimant was entitled to receive benefits.

Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court