### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 12, 2015          520661
_____

In the Matter of the Claim of
    ANA M. VAZQUEZ,
                    Appellant.
                                      MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  September 22, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.

_____

        Ana M. Vazquez, Bushkill, Pennsylvania, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed November 19, 2014, which ruled that claimant was
ineligible to receive unemployment insurance benefits because she
had a reasonable assurance of continued employment.

        Claimant worked as a substitute teacher for the New York
City Department of Education (hereinafter Department) during the
2013-2014 school year.  Prior to the close of the school year,
the Department notified claimant in writing that it anticipated
the same need for substitute teachers going forward into the
2014-2015 school year and that the terms and conditions of
employment would remain substantially the same.  Claimant signed
the written confirmation that she received this letter.  She
applied for unemployment insurance benefits, but the Department
of Labor found that she was ineligible to receive them because
she had received a reasonable assurance of continued employment
during the 2014-2015 school year.  The determination of

ineligibility was upheld by an Administrative Law Judge following a hearing and later by the Unemployment Insurance Appeal Board. Claimant now appeals.

We affirm.  Pursuant to Labor Law § 590 (10), professionals who are employed by educational institutions are precluded from receiving unemployment insurance benefits during the period between two successive academic periods if they have received a reasonable assurance of continued employment (see Matter of Ganster [Commissioner of Labor], 111 AD3d 1014, 1014 [2013]; Matter of Murphy [Commissioner of Labor], 85 AD3d 1478, 1479 [2011]).  "A reasonable assurance . . . has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor], 17 AD3d 762, 793 [2005] [citations omitted]; see Matter of Rosenbaum [Borough of Manhattan Community Coll. City Univ. of N.Y.—Commissioner of Labor], 125 AD3d 1019, 1020 [2015]).  Here, the employer's representative stated that claimant worked 169 out of a total of 180 days during the 2013-2014 school year at a rate of $154.97 per day.  He indicated that claimant's per diem rate would be $158.09 during the 2014-2015 school year and he anticipated that she would receive the same amount of work because the Department was not under any budgetary constraints. Notably, the Department sent claimant a letter and an email advising her of the continued need for substitute teachers during the 2014-2015 school year on substantially the same economic terms and conditions that were offered the year before.  In view of this, substantial evidence supports the Board's conclusion that claimant received a reasonable assurance of continued employment and was, therefore, ineligible to receive benefits (see Matter of Murphy [Commissioner of Labor], 85 AD3d at 1479; Matter of Sultana [New York City Dept. of Educ.—Commissioner of Labor], 79 AD3d 1552, 1553 [2010]).

Lahtinen, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court