Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 2016, which denied claimant’s application to reopen and reconsider a prior decision.
 

 In January 2016, the Unemployment Insurance Appeal Board ruled that wages paid to claimant, a per diem substitute teacher, could not be used to establish a valid original claim for unemployment insurance benefits between two successive academic terms because claimant had received a reasonable assurance of continued employment pursuant to Labor Law § 590 (10). Fewer than 30 days after that decision was filed, claimant applied to the Board for it to reopen and reconsider the decision. The Board thereafter denied claimant’s application to reopen and reconsider the decision, and claimant now appeals.
 
 *
 

 “A professional employed by an educational institution is precluded from receiving unemployment insurance benefits for the period between two successive academic years when he or she has received a reasonable assurance of continued employment” (Matter of Ganster [Commissioner of Labor], 111 AD3d 1014, 1014 [2013] [internal quotation marks and citations omitted]; see Labor Law § 590 [10]). “A reasonable assurance . . . has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period” (Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor], 17 AD3d 762, 763 [2005] [citations omitted]; accord Matter of Vazquez [Commissioner of Labor], 133 AD3d 1017, 1018 [2015]). Claimant acknowledged that the employer contacted her by letter at the end of June 2015 and informed her that there would be a need for per diem substitute teachers during the 2015-2016 school year, that it was expected that the economic terms and conditions for employment for the upcoming year would be the same as the previous year and that it was anticipated that there would be as much work for per diem substitute teachers during the upcoming year as in the previous year. The employer also presented the testimony of an education analyst for the Department of Education of the City of New York. He explained that no budget cuts would affect the classroom in the upcoming year and agreed that, based on the fact that there were similar opportunities for work but 600 fewer registered substitute teachers for the upcoming year, there would be greater opportunities for substitute teachers such as claimant. Considering the foregoing, substantial evidence supports the Board’s conclusion that claimant received a reasonable assurance of continued employment (see Matter of Vazquez [Commissioner of Labor], 133 AD3d at 1018; Matter of Murphy [Commissioner of Labor], 85 AD3d 1478, 1479 [2011]; Matter of Sultana [New York City Dept. of Educ.—Commissioner of Labor], 79 AD3d 1552, 1553 [2010]; Matter of Luchun [New York City Bd. of Educ.—Hudacs], 186 AD2d 848, 848-849 [1992]). Claimant’s remaining contentions have been considered and are without merit.
 

 Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.
 

 *
 

 The merits of the January 2016 determination are properly before this Court given that claimant applied to reopen that initial decision within 30 days (compare Matter of Alfaro [Commissioner of Labor], 2 AD3d 961, 961 [2003]).