Matter of Enman (New York City Dept. of Educ.--Commissioner of Labor) (2018 NY Slip Op 03416)





Matter of Enman (New York City Dept. of Educ.--Commissioner of Labor)


2018 NY Slip Op 03416


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525725

[*1]In the Matter of the Claim of SHANIQUA ENMAN, Respondent. NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 3, 2018

Before: McCarthy, J.P., Egan Jr., Mulvey, Aarons and

 Pritzker, JJ.

Zachary W. Carter, Corporation Counsel, New York City (Susan Paulson of counsel), for appellant.
Christopher Hammond, Cooperstown, for Shaniqua Enman, respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 10, 2017, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as a per diem substitute paraprofessional for the New York City Department of Education (hereinafter NYCDOE) at schools within the New York City School District and was registered to receive assignments through the SubCentral Registry, an automated system for filling vacancies. During the 2015-2016 school year, she worked 161 days of the 179 days that were in the school year. She received 153 of her assignments
directly from administrators at the schools where she worked and the remaining eight assignments through the SubCentral Registry. In June 2016, NYCDOE provided claimant with a letter of reasonable assurance indicating that, for the 2016-2017 school year, it anticipated the same amount of work for her as a per diem substitute paraprofessional as in the previous year on substantially the same economic terms and conditions. Notwithstanding this letter, she filed a claim for unemployment insurance benefits and the Department of Labor found her entitled to receive them. This determination was later upheld by an Administrative Law Judge following a hearing. On appeal, the NYCDOE objected to claimant's receipt of benefits on the ground that it had provided her with a letter of reasonable assurance pursuant to Labor Law § 590 (11). The Unemployment Insurance Appeal Board overruled the objection and upheld the Administrative Law Judge's decision. This appeal ensued.
Labor Law § 590 (11), which is analogous to Labor Law § 590 (10) dealing with teachers and other educational professionals, precludes nonprofessionals who are employed by educational institutions from receiving unemployment insurance benefits during the time between two academic periods if they have received a reasonable assurance of continued employment (see Matter of Marin [New York City Dept. of Educ.-Commissioner of Labor], 67 AD3d 1292, 1293 [2009]; see also Matter of Upham [Dutchess Community Coll.-Commissioner of Labor], 132 AD3d 1221, 1221 [2015]). "'A reasonable assurance . . . has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period'" (Matter of Vazquez [Commissioner of Labor], 133 AD3d 1017, 1018 [2015], quoting Matter of Murphy [Copake-Taconic Cent. School Dist.-Commissioner of Labor], 17 AD3d 762, 763 [2005]; see Matter of Cieszkowska [Commissioner of Labor], 155 AD3d 1502 [2017]; Matter of Marin [New York City Dept. of Educ.-Commissioner of Labor], 67 AD3d at 1293).
Here, the Board initially found that the June 2016 letter sent by the NYCDOE to claimant constituted a reasonable assurance of continued employment for the 2016-2017 school year. Rather than ending the inquiry here, however, it went on to ascertain whether the reasonable assurance was bona fide in light of the testimony presented at the hearing. It found that the testimony of the NYCDOE's witness was not competent with regard to assignments that claimant obtained through means other than the SubCentral Registry and declined to count such assignments in projecting those that would be made available to her during the 2016-2017 school year. Noting that claimant would need to be offered 145 assignments during the 2016-2017 school year in order to meet the 90% threshold, and considering that she had obtained most of her previous assignments through direct contact with school administrators, the Board concluded that the evidence was insufficient to establish that the NYCDOE provided claimant with a reasonable assurance of continued employment.[FN1]
Based upon our review of the record, we find that the Board's decision is not supported by substantial evidence. Initially, in reaching its conclusion, the Board essentially imposed a requirement that a reasonable assurance be a guarantee of earnings during the following school year, an interpretation that finds no support in the statute or case law. Moreover, the Board erroneously failed to include in its projection the assignments that claimant obtained directly from school administrators during the 2015-2016 school year, as these assignments were reflected in the SubCentral Registry after claimant accepted them. By tracking assignments in this manner, the SubCentral Registry identified paraprofessionals who were working as well those who were not, a critical factor in ascertaining those paraprofessionals who were available and would be likely to accept future assignments. As long as a paraprofessional was registered in the SubCentral Registry, as was claimant, his or her assignments and/or availability were monitored and the manner in which those assignments were obtained was irrelevant. Here, the 153 assignments that claimant obtained directly through school administrators during the 2015-2016 school year exceeded the 145 needed to satisfy the 90% threshold and should have been counted in determining whether she received a reasonable assurance of continued employment.
In addition to the June 2016 letter setting forth the basic terms of claimant's continued employment during the 2016-2017 school year, the NYCDOE's witness testified that no changes were anticipated with respect to the budget, salary or number of students and paraprofessionals [*2]needed for the upcoming school year. He further stated that 14% of jobs go unfilled, providing ample opportunity for substitutes to find openings. In view of the foregoing, the record establishes that the NYCDOE provided claimant a reasonable assurance of continued employment under Labor Law § 590 (11), thereby precluding her from receiving benefits (see Matter of Vazquez [Commissioner of Labor], 133 AD3d at 1018; Matter of Murphy [Commissioner of Labor], 85 AD3d 1478, 1479 [2011]; Matter of Sultana [New York City Dept. of Educ.-Commissioner of Labor], 79 AD3d 1552, 1553 [2010]). Accordingly, the Board's decision must be reversed.
McCarthy, J.P., Egan Jr., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The Board appears to have erroneously referenced the 2015-2016 school year in its decision.