Matter of Felipe (New York City Sch. Dist.--Commissioner of Labor) (2019 NY Slip Op 06672)





Matter of Felipe (New York City Sch. Dist.--Commissioner of Labor)


2019 NY Slip Op 06672


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

528494

[*1]In the Matter of the Claim of Rafael G. Felipe, Appellant. New York City School District, Respondent. Commissioner of Labor, Respondent.

Calendar Date: August 30, 2019

Before: Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Rafael G. Felipe, New York City, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York City (Susan Paulson of counsel), for New York City School District, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



Appeals from two decisions of the Unemployment Insurance Appeal Board, filed November 15, 2018, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he had a reasonable assurance of continued employment.
Claimant worked as a substitute teacher for the New York City School District during the 2017-2018 school year. He was offered 179 teaching assignments and worked a total of 144 days. His initial per diem rate of $176.21 increased over the course of the school year to $185.05, and he earned a total of $32,862.86. In June 2018, the District sent claimant a letter advising him that it anticipated the same need for substitute teachers during the 2018-2019 school year, with the economic terms and conditions to remain substantially the same as for the 2017-2018 school year. The District communicated its intent to continue to make assignments available to claimant during the 2018-2019 school year, and claimant acknowledged receipt of this letter.
After the 2017-2018 school year ended, claimant filed claims for unemployment insurance benefits that were denied by the Department of Labor. Following a hearing, an Administrative Law Judge upheld the denials finding, among other things, that claimant was ineligible to receive benefits because he had received a reasonable assurance of continued employment pursuant to Labor Law § 590 (10). The Unemployment Insurance Appeal Board affirmed these decisions, and claimant appeals.
We affirm. "Pursuant to Labor Law § 590 (10), professionals who are employed by educational institutions are precluded from receiving unemployment insurance benefits during the period between two successive academic periods if they have received a reasonable assurance of continued employment" (Matter of Vazquez [Commissioner of Labor], 133 AD3d 1017, 1018 [2015] [citations omitted]; see Matter of Cieszkowska [Commissioner of Labor], 155 AD3d 1502, 1502 [2017]). "A reasonable assurance has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Cieszkowska [Commissioner of Labor], 155 AD3d at 1505 [internal quotation marks, ellipsis and citations omitted]; see Matter of Vazquez [Commissioner of Labor], 133 AD3d at 1018; Matter of Schwartz [New York City Dept. of Educ.-Commissioner of Labor], 68 AD3d 1323, 1324 [2009]). Notably, this is a factual issue for the Board, and its decision will be upheld if supported by substantial evidence (see Matter of Ganster [Commissioner of Labor], 111 AD3d 1014, 1014 [2013]; Matter of Sultana [New York City Dept. of Educ.-Commissioner of Labor], 79 AD3d 1552, 1553 [2010]).
Here, the District's letter clearly communicated its offer to provide claimant with the same number of assignments during the 2018-2019 school year as it did during the previous school year, on the same economic terms and conditions. In fact, claimant does not dispute that he received a reasonable assurance of continued employment, but maintains that he should be granted unemployment insurance benefits because he did not receive the fringe benefits that were received by the full-time teachers, specifically paid vacation. Labor Law § 590 (10), however, does not make this distinction. Accordingly, inasmuch as substantial evidence supports the Board's decisions, we decline to disturb them.
Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.