Matter of Barnett (Broome County Community Coll.--Commissioner of Labor) (2020 NY Slip Op 02229)





Matter of Barnett (Broome County Community Coll.--Commissioner of Labor)


2020 NY Slip Op 02229


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

529659

[*1]In the Matter of the Claim of Major A. Barnett, Respondent. Broome County Community College, Appellant. Commissioner of Labor, Respondent.

Calendar Date: February 7, 2020

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Robert G. Behnke, County Attorney, Binghamton, for appellant.
Salvatore C. Adamo, Albany, for Major A. Barnett, respondent.



Egan Jr., J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 25, 2019, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as a part-time adjunct instructor for the employer, a community college, since 2005. In June 2018, the employer sent claimant a letter informing him that it had scheduled him to teach during the fall 2018 semester, noting that the schedule was "dependent on anticipated student enrollment." The letter further advised him that, "[i]f for any reason your course(s) has to be eliminated, you will be notified by the Department Chair." Claimant filed an application for unemployment insurance benefits, effective June 4, 2018. The Department of Labor issued an initial determination finding that claimant was ineligible to receive benefits because the employer had informed him that continuing work was available during the next academic year. An Administrative Law Judge upheld this determination following a hearing. The Unemployment Insurance Appeal Board, however, reversed this decision and found that claimant was entitled to receive benefits because the employer had not provided him with a reasonable assurance of continued employment. The employer appeals.
We reverse. Pursuant to Labor Law § 590 (10), "professionals who are employed by educational institutions are precluded from receiving unemployment insurance benefits during the period between two successive academic periods if they have received a reasonable assurance of continued employment" (Matter of Vazquez [Commissioner of Labor], 133 AD3d 1017, 1018 [2015]; see Matter of Felipe [New York City Sch. Dist.—Commissioner of Labor], 175 AD3d 1698, 1699 [2019]). "A reasonable assurance has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Felipe [New York City Sch. Dist.-Commissioner of Labor], 175 AD3d at 1699 [internal quotation marks and citations omitted]; see Matter of Cieszkowska [Commissioner of Labor], 155 AD3d 1502, 1502 [2017]).
Here, the record demonstrates that claimant taught three courses, consisting of nine credit hours, for the spring 2018 semester and earned approximately $10,766.79, an amount determined by the collective bargaining agreement in effect between the employer and claimant's union. Prior to the end of the spring 2018 semester, the employer posted its fall 2018 course schedule online, which listed claimant as again being the instructor for three courses, also totaling nine credit hours. Although claimant denied the employer's assertion that he had received verbal notification of his fall semester assignments, on June 14, 2018 he filled out a Department of Labor questionnaire and, in response to the question "[h]ave you been informed by the educational institution shown above that you will or may be working for them on a regular or substitute basis following the academic break," he answered "yes," indicated that the offered position was that of adjunct instructor, that the dates of employment were from August 27, 2018 to December 19, 2018 and, finally, that he would be compensated at the "same rate of pay from [the] previous term." As of June 15, 2018, the employer's online course schedule indicated that enrollment for claimant's two scheduled sociology courses was closed, with 25 students enrolled in each course and, although enrollment was still open for his social work course, 21 students were already enrolled therein. On June 28, 2018, the employer sent claimant a letter informing him that he was scheduled to teach at the college for the fall semester. Claimant acknowledged that he was a member of the faculty union and that his earnings for teaching were determined by the collective bargaining agreement. On the record before us, the Board's decision was not supported by substantial evidence (compare Matter of Rosenbaum [Borough of Manhattan Community Coll., City Univ. of N.Y.—Commissioner of Labor], 125 AD3d 1019, 1020 [2015]) inasmuch as claimant received a reasonable assurance of continued employment for the 2018 fall semester such that he was ineligible to receive unemployment insurance benefits (see Labor Law § 590 [10]; Matter of Spencer [Commissioner of Labor], 24 AD3d 937, 937 [2005]). Accordingly, the Board's decision must be reversed. In light of our holding, the employer's remaining contention has been rendered academic.
Pritzker and Colangelo, JJ., concur.
Clark, J. (dissenting).
We respectfully dissent. The dispositive issue before us is whether there is substantial evidence to support the Unemployment Insurance Appeal Board's finding that a reasonable assurance of continued employment was lacking and that claimant was entitled to receive unemployment insurance benefits (see Matter of Upham [Dutchess Community Coll.-Commissioner of Labor], 132 AD3d 1221, 1222 [2015]; Matter of Cardin [Erie County Community Coll.-Commissioner of Labor], 119 AD3d 1014, 1015 [2014], lv denied 24 NY3d 914 [2015]). As the majority notes, to qualify as a reasonable assurance, there must have been "a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Rosenbaum [Borough of Manhattan Community Coll., City Univ. of N.Y.-Commissioner of Labor], 125 AD3d 1019, 1020 [2015]). Whether a claimant received a reasonable assurance of continued employment "is a factual question for the Board to resolve," and we must uphold "its determination in this regard . . . if supported by substantial evidence" (Matter of Upham [Dutchess Community Coll.-Commissioner of Labor], 132 AD3d at 1553; see Matter of Rosenbaum [Borough of Manhattan Community Coll., City Univ. of N.Y.-Commissioner of Labor], 125 AD3d at 1020).
The Board found that there was a lack of evidence in the record that claimant was offered continuing employment during the fall 2018 semester on economic terms equivalent to 90% of the earnings that he received during the previous semester. Although the employer's representative testified that claimant would be paid in accordance with the terms of the collective bargaining agreement, there was no indication of the amount that he would be paid since this was dependent on the number of credit hours that he taught which, in turn, was dependent on student enrollment. As is evident from the employer's June 2018 letter, there was a possibility that claimant would receive reduced compensation, or potentially none at all, if the courses that he taught were eliminated. In its detailed decision, the Board noted that the "letter is not sufficient to constitute an offer of reasonable assurance as it did not state what, if any, courses the claimant was expected to teach, the number of credit hours he would be teaching, what the claimant's rate of pay would be, or that the claimant would be expected to earn not less than [90%] of his earnings in the [s]pring 2018 semester." Although there was evidence in the record that could support a contrary conclusion, substantial evidence exists to support the Board's finding that the employer did not provide claimant with a reasonable assurance of continued employment (see Matter of Upham [Dutchess Community Coll.-Commissioner of Labor], 132 AD3d at 1553; Matter of Cardin [Erie Community Coll.-Commissioner of Labor], 119 AD3d at 1015).
Furthermore, we would reject the employer's contention that the Administrative Law Judge erroneously denied its request for an adjournment of the hearing to present testimony from a representative more familiar with the terms of the offer made to claimant. There is no indication in the record that the employer specifically requested an adjournment of the hearing for this purpose. Based on the foregoing, we would affirm the decision of the Board.
Reynolds Fitzgerald, J., concurs.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.