Matter of Gracy (Commissioner of Labor) (2020 NY Slip Op 02335)





Matter of Gracy (Commissioner of Labor)


2020 NY Slip Op 02335


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

528177

[*1]In the Matter of the Claim of Sonja D. Gracy, Appellant. Commissioner of Labor, Respondent.

Calendar Date: March 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Sonja D. Gracy, New York City, for appellant.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 6, 2018, which ruled that claimant was ineligible to receive unemployment insurance benefits because she had a reasonable assurance of continued employment.
Claimant worked as a per diem substitute teacher for the employer, a city school district, during the 2016-2017 school year. In June 2017, the employer sent her a letter informing her that it wished to retain her to teach during the 2017-2018 school year. Between academic periods, claimant applied for unemployment insurance benefits. The Department of Labor awarded her benefits upon finding that the employer did not offer her a reasonable assurance of continued employment. Following a hearing, an Administrative Law Judge upheld this determination. The Unemployment Insurance Appeal Board reversed this decision, instead ruling that the employer had provided claimant with a reasonable assurance of continued employment, and that she was not entitled to receive benefits. Claimant appeals.
Initially, pursuant to Labor Law § 590 (10), "[a] professional employed by an educational institution is precluded from receiving unemployment insurance benefits for the period between two successive academic years when he or she has received a reasonable assurance of continued employment" (Matter of Cieszkowska [Commissioner of Labor], 155 AD3d 1502, 1502 [2017] [internal quotation marks and citations omitted]; see Matter of Felipe [New York City Sch. Dist.-Commissioner of Labor], 175 AD3d 1698, 1699 [2019]). "A reasonable assurance
. . . has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Murphy [Copake-Taconic Cent. School Dist.-Commissioner of Labor], 17 AD3d 762, 763 [2005] [citations omitted]; see Matter of Cieszkowska [Commissioner of Labor], 155 AD3d at 1502; Matter of Vazquez [Commissioner of Labor], 133 AD3d 1017, 1018 [2015]). "Notably, the question of whether a claimant received a reasonable assurance of reemployment for the following academic year is a question of fact and, if the Board's findings in that regard are supported by substantial evidence, they will not be disturbed" (Matter of Ganster [Commissioner of Labor], 111 AD3d 1014, 1014 [2013] [citation omitted]; see Matter of Sultana [New York City Dept. of Educ.-Commissioner of Labor], 79 AD3d 1552, 1553 [2010]).
Here, the employer clearly expressed its interest in having claimant return as a per diem substitute teacher for the 2017-2018 academic year in the letter that it sent to her in June 2017. The employer represented that it anticipated that "there will be as much work for Occasional Per Diem Substitute Teachers during the 2017-2018 [s]chool [y]ear, as was available in the 2016-2017 [s]chool [y]ear" and indicated that the economic terms and conditions would be substantially the same as the previous year. Moreover, the letter advised claimant that her name would remain on an electronic register for receiving assignments and requested that she acknowledge receipt of the letter. The letter, together with the testimony concerning the per diem rate of pay for the 2017-2018 academic year and number of potential work days available, provides substantial evidence supporting the Board's finding that the employer provided claimant with a reasonable assurance of continued employment (see Matter of Felipe [New York City School Dist.-Commissioner of Labor], 175 AD3d at 1700; Matter of Vazquez [Commissioner of Labor], 133 AD3d at 1018). Therefore, we find no reason to disturb its decision.
Garry, P.J., Lynch, Clark, Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.