Matter of Caruso (Shenendehowa Cent. Sch. Dist.--Commissioner of Labor) (2025 NY Slip Op 05132)

Matter of Caruso (Shenendehowa Cent. Sch. Dist.--Commissioner of Labor)

2025 NY Slip Op 05132

Decided on September 25, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 25, 2025

CV-24-0155
[*1]In the Matter of the Claim of Charlene M. Caruso, Respondent. Shenendehowa Central School District, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Whiteman Osterman & Hanna LLP, Albany (Monica R. Lenahan of counsel), for appellant.
David E. Woodin, Catskill, for Charlene M. Caruso, respondent.
New York State School Boards Association, Inc., Latham (Pilar Sokol of counsel), for New York State School Boards Association, Inc., amicus curiae.

Ceresia, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 21, 2023, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as a per diem substitute teacher for the employer, a school district, beginning in 2019. During the 2022-2023 school year, she completed 169 assignments as an elementary school substitute, working either full or half days, out of the 184 days in that school year. On June 1, 2023, the employer emailed claimant a "Letter of Assurance" informing her that it wished to retain her to substitute teach in the same capacity in the 2023-2024 school year, under substantially the same economic terms and conditions as the prior year, and that her expected earnings would be no less than 90% of the prior year's earnings. Claimant acknowledged that letter and advised the employer that she wished to remain on the substitute teacher list for 2023-2024. Nevertheless, between the academic terms, claimant applied for unemployment insurance benefits. The Department of Labor determined that she was ineligible for benefits, finding that the employer had offered her a reasonable assurance of continued employment in the upcoming school year pursuant to Labor Law § 590 (10). Following a hearing, an Administrative Law Judge (hereinafter ALJ) reversed that determination and held that claimant was entitled to benefits, finding that the employer had not provided her with a reasonable assurance. On the employer's appeal objecting to claimant's receipt of benefits, the Unemployment Insurance Appeal Board affirmed the ALJ's decision, adopting the ALJ's findings of fact and conclusions of law, and made additional factual findings. The employer appeals.
"Pursuant to Labor Law § 590 (10), a professional employed by an educational institution is precluded from receiving unemployment insurance benefits for the period between two successive academic years when he or she has received a reasonable assurance of continued employment" (Matter of Jensen [Commissioner of Labor], 233 AD3d 1211, 1211 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). "A reasonable assurance has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Felipe [New York City Sch. Dist.-Commissioner of Labor], 175 AD3d 1698, 1699 [3d Dept 2019] [internal quotation marks and citations omitted]; accord Matter of Jensen [Commissioner of Labor], 233 AD3d at 1211-1212). Whether an employee has received such assurances "is a factual issue for the Board" that will be upheld provided that it is supported by substantial evidence (Matter of Ficalora [Commissioner of Labor], 233 AD3d 1215, 1217 [3d Dept 2024] [internal quotation marks and citations omitted]).
Upon review of the record, we find that the Board's [*2]decision is not supported by substantial evidence. "[I]n reaching its conclusion, the Board essentially imposed a requirement that a reasonable assurance be a guarantee of earnings during the following school year, an interpretation that finds no support in the statute or case law" (Matter of Enman [New York City Dept. of Educ.-Commissioner of Labor], 161 AD3d 1368, 1370 [3d Dept 2018], lv denied 32 NY3d 902 [2018]; see Matter of Alongi [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 227 AD3d 1341, 1343-1344 [3d Dept 2024]). The letter of assurance sent to claimant indicated, without qualification, that she would be given the opportunity to perform services for the employer in the same capacity for the 2023-2024 school year, "under substantially the same economic terms and conditions as in the previous school year." She was advised that her name would remain on an automated electronic registry used for granting access to assignments, and that she would receive assignments in the same manner as the prior year "due to the continued need for substitutes during the 2023-2024 school year." Although the letter did not advise claimant that there would be a pay increase for per diem substitute teachers, which she testified she learned about at the beginning of the 2023-2024 school year, it did promise that work would be available under the "same economic terms and conditions." Thus, even if the pay rate had been unchanged in the next school year, claimant was offered reassurance that, if her availability remained the same, she would be afforded the opportunity to work in the "same capacity" using the same assignment methods and earning "no less than 90%" of the prior year's earnings (see Matter of Alongi [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 227 AD3d at 1342-1344).
The human resource specialist who oversaw the registry [FN1] for the employer testified that, in the 2022-2023 school year, there were 184 school days and that claimant received 264 calls from the registry and completed 169 job assignments. While the data did not reflect whether claimant received multiple calls in any one day and, thus, more than one job offer in the same day, nor whether the job assignments completed were full days or half days, those details are not determinative of whether she received reasonable assurance of continued employment. In other words, any such lack of detail did not alter the fact that claimant was assured that she would be able to perform substitute services under the same conditions and receive comparable earnings. The specialist testified that there were 186 school days in the 2023-2024 school year, that the 2023-2024 school district budget was "similar" to the prior year and that there were no teacher layoffs or significant changes in the number of students. She was not asked the basis for her knowledge and the Board's finding that this witness had "no specific knowledge regarding any changes in the employer's budget or enrollment [*3]from 2022-2023 to 2023-2024" is not supported by the record. While the Board relied on the specialist's testimony declining to promise that claimant would receive a specified number of work days — she explained that the amount of work would be contingent on several variables including teacher absences — this was error as reasonable assurances do not contemplate guarantees (see Matter of Enman [New York City Dept. of Educ.—Commissioner of Labor], 161 AD3d at 1370). Indeed, by their very nature, the precise need for substitute teaching services is not discernible in advance and projections are made based upon historical demand and other variables such as budgeting and enrollment numbers.
Moreover, the Board's reliance on the fact that claimant was not given priority for being offered assignments by the automated system, in that she was not a certified teacher, is misplaced, as this fact was also true for the prior school year. Likewise, the ALJ's finding, adopted by the Board, that it was "significant that the number of openings for which the claimant was qualified to accept is not known," does not support the determination. To that end, there was no change in claimant's qualifications — she had an Associate's degree in early childhood education, did not possess a teaching certificate and had approximately 30 years of teaching experience, and had elected to work at the elementary school level. No concern was raised at the hearing regarding her qualifications to substitute teach at that level and, as noted, she had completed 169 job assignments in the prior school year, supporting the conclusion that her qualifications were not in issue. Further, the Board misread the testimony of the specialist, who stated that there were absences and a need for substitutes every day and that, based upon her availability, there would be one or two elementary openings a day that claimant could expect to fill, not that district-wide there were only one or two elementary openings in total for which all available substitutes would vie.
Given the foregoing proof, including the letter of assurance and the testimony, "[t]he record gave no reason to believe that the employer's assurances [of continued employment] . . . were illusory" (Matter of Jensen [Commissioner of Labor], 233 AD3d at 1212). Accordingly, the Board's finding that the employer failed to provide claimant with a reasonable assurance of continued employment is not supported by substantial evidence and its decision must be reversed (see Matter of Alongi [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 227 AD3d at 1343-1344; Matter of Gracy [Commissioner of Labor], 182 AD3d 871, 872-873 [3d Dept 2020]; Matter of Barnett [Broome County Community Coll.-Commissioner of Labor], 182 AD3d 763, 764 [3d Dept 2020], lv denied 35 NY3d 1077 [2020]; Matter of Enman [New York City Dept. of Educ.-Commissioner of Labor], 161 AD3d at 1370-1371; Matter of Cieszkowska [Commissioner of Labor], 155 AD3d 1502, 1502-1503[*4][3d Dept 2017]). In light of this conclusion, we need not address the employer's remaining arguments.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: To the extent that the Board found that the specialist's testimony was not competent regarding the operation of the automated registry system or whether the employer had a good-faith basis for providing a reasonable assurance of continued employment, on the premise that she did not testify regarding "the content or duration" of her training, the record fails to support this conclusion. The specialist testified that she had overseen the registry since January 2022, she was trained by coworkers and used online training from the registry company and, during her testimony, she demonstrated her knowledge of the information available on the registry and the use of search functions to answer questions. Any party could have, but did not, question her further regarding her training, and we have imposed no requirement that such in-depth testimony regarding training is an indispensable prerequisite to competent testimony in a reasonable assurance case.