# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 5, 2015                519337
_____

In the Matter of the Claim of
    TAMMY ROBINSON,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Lahtinen, J.P., Rose, Egan Jr. and Lynch, JJ.

                        _____


        Tammy Robinson, Schenectady, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for respondent.

                        _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed June 16, 2014, which, among other things, ruled that
claimant was ineligible to receive unemployment insurance
benefits because she was not totally unemployed.

        Claimant, a licensed practical nurse, was contracted by a
nurse staffing agency to work part time at the Albany County
Nursing Home on various dates between August 2011 and April 2012.
She certified for and received unemployment insurance benefits
during this time period.  Thereafter, the Department of Labor
issued initial determinations finding that claimant was
ineligible to receive benefits for certain weeks because she was
not totally unemployed and/or had received earnings in excess of
the statutory maximum.  It also charged her with recoverable
overpayments of benefits and imposed forfeiture penalties based
upon a finding that she made willful misrepresentations to obtain
benefits.  Claimant challenged these determinations, but only

disputed the days worked and/or wages earned during the weeks ending October 30, 2011, November 6, 2011, January 29, 2012, February 12, 2012, March 25, 2012, April 1, 2012 and April 8, 2012. Following a hearing, an Administrative Law Judge modified the determinations of ineligibility with respect to four of the weeks within the subject time period — none of which were challenged by claimant — and remitted the matter for a recalculation of the recoverable overpayments and civil penalties, but otherwise sustained the determinations, including the finding of willful misrepresentation. The Unemployment Insurance Appeal Board affirmed this decision and claimant now appeals.

Initially, whether a claimant is totally unemployed for purposes of receiving unemployment insurance benefits is a factual question for the Board and its determination will be upheld if supported by substantial evidence (see Matter of Nebel [Commissioner of Labor], 108 AD3d 1007, 1008 [2013]; Matter of Ramdhani [Commissioner of Labor], 98 AD3d 1183, 1184 [2012]). Notably, claimants performing part-time work who have worked four or more days per week or who have earned more than $405 per week regardless of the number of days worked have been deemed not to be totally unemployed and, therefore, ineligible to receive benefits for those weeks (see Matter of Nebel [Commissioner of Labor], 108 AD3d at 1008; Matter of Gullotti [Commissioner of Labor], 107 AD3d 1220, 1221 [2013]; Matter of Monserrate [Commissioner of Labor], 102 AD3d 1046, 1047 [2013]; see also Labor Law §§ 522, 523).

Here, the certification records reveal that claimant represented that she did not work any days during the weeks ending October 30, 2011, November 6, 2011, January 29, 2012, February 12, 2012, April 1, 2012 and April 8, 2012, and only two days during the week ending March 25, 2012. However, the payroll records and related documentation admitted at the hearing establish that claimant worked three days during the weeks ending October 30, 2011, November 6, 2011, January 29, 2012, March 25, 2012 and April 1, 2012, and five days during the weeks ending February 12, 2012 and April 8, 2012. In addition, such documents disclose that for each of the weeks in question, claimant earned more than $405 per week. Notwithstanding claimant's assertion to

the contrary, we conclude that the Board properly considered this documentation (see Matter of Umpierre [Commissioner of Labor], 60 AD3d 1182 [2009]) and that it provides substantial evidence supporting the determination of ineligibility with respect to the weeks in question (see Matter of Monserrate [Commissioner of Labor], 102 AD3d at 1047; Matter of Ramdhani [Commissioner of Labor], 98 AD3d at 1184).

As for the Board's finding that claimant made willful misrepresentations to obtain benefits, claimant admittedly possessed an unemployment insurance handbook informing her that she could not receive benefits for any weeks that she worked four or more days or earned more than $405 per week. She nevertheless certified for benefits during weeks when she did not meet the required criteria. In view of this, substantial evidence also supports the Board's finding in this regard (see Matter of Nebel [Commissioner of Labor], 108 AD3d at 1008; Matter of Gullotti [Commissioner of Labor], 107 AD3d at 1221-1222). We have considered claimant's remaining contentions and find them to be unavailing.

Lahtinen, J.P., Rose, Egan Jr. and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court