*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 28, 2016                521304
_____

In the Matter of the Claim of
    ROBERT J. SHUMAN,
                        Appellant.
                                            MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  December 8, 2015

Before:  Peters, P.J., Lynch, Devine and Clark, JJ.

_____

        Robert J. Shuman, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for respondent.

_____

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed September 18, 2014, which, upon
reconsideration, adhered to its prior decision ruling, among
other things, that claimant was ineligible to receive
unemployment insurance benefits because he was not totally
unemployed.

        Claimant applied for unemployment insurance benefits in
March 2009 and, in connection therewith, received an unemployment
insurance handbook.  In August 2009, claimant began working as an
adjunct professor at a college teaching students anywhere from 45
minutes to two hours, two to four days a week.  Claimant
certified for and received unemployment insurance benefits,
emergency unemployment compensation benefits and federal
additional compensation benefits (see 26 USC § 3304) but, on
various dates between August 31, 2009 and November 14, 2010, did
not indicate that he had worked.  Ultimately, the Unemployment

Insurance Appeal Board determined that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed and, among other things, charged him with a recoverable overpayment of benefits.  Upon reopening and reconsideration, the Board, in two separate decisions covering the time period in question, adhered to its original decision.  These appeals ensued.

        We affirm.  Claimant's admission that he worked during the benefit period provides substantial evidence to support the Board's finding that he is ineligible to receive unemployment insurance benefits because he was not totally unemployed (see Matter of Nebel [Commissioner of Labor], 108 AD3d 1007, 1008 [2013]; Matter of DeOliveira [Commissioner of Labor], 36 AD3d 1045, 1045 [2007]).  Although claimant testified that he did not think that he had to report such minimal and inconsequential work and that he found the unemployment insurance handbook – which explained the part-time reporting requirements – to be confusing, he acknowledged that he only skimmed the handbook and did not seek clarification for anything he did not understand.  Under these circumstances, substantial evidence also supports the Board's finding that he made willful false statements to obtain benefits (see Matter of Robinson [Commissioner of Labor], 125 AD3d 1038, 1040 [2015], lv dismissed 26 NY3d 953 [2015]; Matter of DeOliveira [Commissioner of Labor], 36 AD3d at 1046).  Accordingly, the Board's decisions will not be disturbed, notwithstanding claimant's assertion that any misrepresentation resulted from a subsequently-diagnosed, medical illness that ostensibly caused confusion.

        Peters, P.J., Lynch, Devine and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court