*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 22, 2016          522046
_____

In the Matter of the Claim of
    VLADIMIR R. LUCIEN,
                    Appellant.
                                          MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 8, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Vladimir R. Lucien, Medford, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

_____

        Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed September 10, 2015, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed, and (2) from a decision of said Board, filed September 10, 2015, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

        As relevant here, claimant filed an initial claim for unemployment insurance benefits for the week of January 26, 2015 and for the two weeks thereafter, certifying that he had not worked, and he received benefits for this time based upon his certifications.  While his claim was pending, claimant began full-time employment for an auto body shop doing detail work at an hourly rate of $13.75 (earning gross weekly wages in excess of

$500); the employer refused claimant's request to pay him in cash "off the books," and payroll records establish that he worked each day from January 29, 2015 through February 13, 2015, except February 12. Claimant stopped coming to work and did not return as promised following a family bereavement leave, during which his job was held open for him. The Department of Labor issued an initial determination holding that claimant was ineligible to receive unemployment insurance benefits, effective January 29, 2015 through February 13, 2015, because he was not totally unemployed, and charged him with recoverable overpayments and forfeiture penalties based upon his willful misrepresentations to obtain benefits. The Department issued a further determination holding that claimant was disqualified from receiving benefits, effective February 14, 2015, because he had voluntarily separated from his auto body detail employment without good cause, charged him with recoverable overpayments and imposed a civil penalty. Following a hearing, an Administrative Law Judge upheld those determinations, which the Board adopted in separate decisions. Claimant now appeals from both Board decisions.

We affirm. Claimant's admission that he worked 11 days during the benefit period in question, in addition to the employer's payroll and time records and testimony documenting his employment during that time, provide substantial evidence to support the Board's factual finding that he is ineligible to receive unemployment insurance benefits during the relevant time because he was not totally unemployed (see Matter of Shuman [Commissioner of Labor], 135 AD3d 1284, 1285 [2016]; Matter of Robinson [Commissioner of Labor], 125 AD3d 1038, 1039 [2015], lv dismissed 26 NY3d 953 [2015]; see also Labor Law §§ 522, 591 [1] [a]). Likewise, substantial evidence also supports the Board's factual determination that claimant voluntarily left his employment without good cause (see Matter of Faison [Commissioner of Labor], 120 AD3d 1480, 1481 [2014]). Claimant admitted that he "quit" his job after his car broke down on February 13, 2015, although he could have taken the train or a bus to work as he had done in the past, and that he never returned to work after his bereavement leave, as promised, and instead looked for another job; the employer established that he had not been fired. Thus, we find no reason to disturb the determination that claimant voluntarily separated from his employment without good cause (see

Labor Law § 593 [1]; Matter of Brewton [Commissioner of Labor], 118 AD3d 1049, 1050-1051 [2014]).  Further, under these circumstances, the Board's determination that claimant made willful false representations to obtain benefits is supported by substantial evidence, allowing for recoverable overpayments and penalties (see Labor Law § 594; Matter of Kachmarik [Commissioner of Labor], 138 AD3d 1332, 1333-1334 [2016]).

McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court