■ In the Matter of the Claim of CHRISTINE ARAMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [55 NYS3d 504]—

---

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed March 7, 2016, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits from August 11, 2014 to August 12, 2014 because she was not totally unemployed during that time, (2) from a decision of said Board, filed March 7, 2016, which ruled that claimant was disqualified from receiving unemployment insurance benefits, effective August 13, 2014, because she voluntarily left her employment without good cause, (3) from a decision of said Board, filed June 14, 2016, which denied claimant's application to reopen the prior decision denying her benefits for the time period of August 11, 2014 to August 12, 2014, and (4) from a decision of said Board, filed June 14, 2016, which denied claimant's application to reopen the prior decision disqualifying her from benefits effective August 13, 2014.

Claimant initially filed a claim for unemployment insurance benefits in May 2014. Thereafter, claimant worked for a restaurant as a reservationist from July 13, 2014 to August 12, 2014. On August 22, 2014, claimant reopened her claim for unemployment insurance benefits, indicating that she had quit her job and that she had worked zero days during the week of August 17, 2014. The Unemployment Insurance Appeal Board ultimately determined that claimant had worked on August 11, 2014 and August 12, 2014 and that she was therefore ineligible to receive benefits for those days. The Board also charged claimant with an overpayment of $87, reduced her right to receive future benefits by eight days and imposed a penalty of $100 based upon her willful misrepresentation to obtain benefits. In a separate decision, the Board determined that claimant had voluntarily left her employment with the restaurant without good cause. Claimant's requests to reopen both Board decisions were denied. Claimant now appeals from the two decisions and the denial of her applications to reopen those decisions.

We affirm. Claimant admitted that she had worked at the restaurant on August 11, 2014 and August 12, 2014. Accordingly, substantial evidence supports the Board's determination that she was not eligible to receive benefits for those days, inasmuch as she was not totally unemployed (*see* Labor Law § 591 [1]; *Matter of Roberson [Commissioner of Labor]*, 142 AD3d 1259, 1260 [2016]). As to the penalties imposed, "whether

a claimant ha[s] made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (*Matter of Masterpaul [Commissioner of Labor]*, 76 AD3d 729, 729 [2010]; *accord Matter of McCann [Commissioner of Labor]*, 143 AD3d 1033, 1034 [2016]). Claimant testified that she was confused when she certified that she had not worked on those days due to stressful situations occurring in her life at that time. This testimony created a credibility issue for the Board to resolve (*see Matter of Masterpaul [Commissioner of Labor]*, 76 AD3d at 730) and, inasmuch as "a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (*Matter of Smith [Commissioner of Labor]*, 107 AD3d 1287, 1288 [2013]; *accord Matter of Kachmarik [Commissioner of Labor]*, 138 AD3d 1332, 1333 [2016]), we find no reason to disturb the Board's finding that claimant made a willful misrepresentation to obtain benefits, or the resulting imposition of a recoverable overpayment and other penalties (*see Matter of Guibord [Commissioner of Labor]*, 147 AD3d 1137, 1138 [2017]).

The Board's determination that claimant voluntarily left her employment without good cause is also supported by substantial evidence (*see Matter of Lucien [Commissioner of Labor]*, 142 AD3d 1230, 1231 [2016]; *Matter of Faison [Commissioner of Labor]*, 120 AD3d 1480, 1481 [2014]). When certifying for benefits, claimant reported that she had quit her job and she reported to the Department of Labor that she quit because she could not get along with the hostess at the restaurant. However, "the inability to get along with coworkers or a supervisor do[es] not constitute good cause for leaving employment" (*Matter of Hill [Commissioner of Labor]*, 54 AD3d 1123, 1124 [2008]; *see Matter of Stevens [Commissioner of Labor]*, 50 AD3d 1351, 1352 [2008]). Although claimant testified that she did not quit, but was forced out due to intolerable work conditions, the record supports the Board's determination that the work environment was not so intolerable as to justify her quitting (*see Matter of Zhen Feng Huang [Commissioner of Labor]*, 21 AD3d 1201, 1201 [2005]). Finally, we find no reason to disturb the Board's denial of claimant's applications to reopen its prior decisions (*see Matter of Lambrecht [Commissioner of Labor]*, 102 AD3d 1050, 1051 [2013]).

Egan Jr., J.P., Lynch, Rose, Devine and Clark, JJ., concur. Ordered that the decisions are affirmed, without costs.