Matter of Overacker (Churchville-Chili Cent. Sch. Dist.--Commissioner of Labor) (2023 NY Slip Op 00912)

Matter of Overacker (Churchville-Chili Cent. Sch. Dist.--Commissioner of Labor)

2023 NY Slip Op 00912

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

535118
[*1]In the Matter of the Claim of Brigitte Overacker, Appellant. Churchville-Chili Central School District, Respondent. Commissioner of Labor, Respondent.

Calendar Date:January 13, 2023

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and Fisher, JJ.

Rothman Rocco LaRuffa, LLP, Elmsford (Elise S. Feldman of counsel), for appellant.
Lynda M. VanCoske, Monroe 2-Orleans Board of Cooperative Education Services, Spencerport, for Churchville-Chili Central School District, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

Fisher, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 8, 2021, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
Claimant has worked as a bus driver for the employer, a public school district, for over 30 years. Starting March 16, 2020, as a result of the COVID-19 pandemic, claimant was not required to work but continued to receive her regular salary for the remainder of the 2019-2020 school year, ending on June 19, 2020. On June 3, 2020, claimant received a letter from the employer informing her that it wished to retain her in the same position during the 2020-2021 school year, which she signed and returned to the employer. Despite this letter, prior to the end of the 2019-2020 school year, claimant filed claims for unemployment insurance benefits. From June 21, 2020 until August 23, 2020, she received unemployment insurance benefits, as well as federal pandemic unemployment compensation and lost wage assistance pursuant to the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116—136, 134 US Stat 281, 313; 44 CFR 206.120).
Thereafter, the Department of Labor determined that claimant was not totally unemployed for the week ending June 21, 2020 and, therefore, was ineligible to receive unemployment benefits for this time. Similarly, the Department determined that she was ineligible to receive the remainder of the benefits received for the period between academic terms because claimant had received a reasonable assurance of continued employment. Based on the foregoing, claimant was also found ineligible for pandemic unemployment assistance (hereinafter PUA) and charged with a recoverable overpayment of the state and federal funds received. Following a hearing, an Administrative Law Judge modified the determination, concluding that claimant was eligible to receive benefits for the week ending June 21, 2020, but that she was otherwise ineligible for the remainder of the benefits she had received. The Unemployment Insurance Appeal Board, among other things, sustained the initial determination finding that claimant was not totally unemployed during the week ending June 21, 2020 and that she was ineligible for PUA. Claimant appeals.
We affirm. Pursuant to Labor Law § 590 (1), "[a] professional employed by an educational institution is precluded from receiving unemployment insurance benefits for the period between two successive academic years when he or she has received a reasonable assurance of continued employment" (Matter of Cieszkowska [Commissioner of Labor], 155 AD3d 1502, 1502 [3d Dept 2017] [internal quotation marks and citations omitted]). "A reasonable assurance has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% [*2]of the earnings received during the first academic period" (Matter of Gracy [Commissioner of Labor], 182 AD3d 871, 872 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]). This is a factual issue for the Board and, as such, its decision will be upheld if supported by substantial evidence (see Matter of Barnett [Broome County Community Coll.—Commissioner of Labor], 182 AD3d 763, 764 [3d Dept 2020], lv denied 35 NY3d 1077 [2020]; Matter of Vazquez [Commissioner of Labor], 133 AD3d 1017, 1018 [3d Dept 2015]).
Here, despite certain uncertainties as to the method of instruction for the 2020-2021 school year due to the ongoing pandemic, the letter sent by the employer affirmed that claimant would be employed for the 2020-2021 school year and did not condition claimant's further employment on the utilization of any specific instruction method (compare Matter of Upham [Dutchess Community Coll.—Commissioner of Labor], 132 AD3d 1221, 1222 [3d Dept 2015]). In view of the letter, the continued applicability of the collective bargaining agreement as well as the testimony concerning claimant's seniority and the continued need for busing, substantial evidence supports the Board's finding that the employer provided claimant with a reasonable assurance of continued employment (see Labor Law § 590 [10]; Matter of Barnett [Broome County Community Coll.—Commissioner of Labor], 182 AD3d at 764).
To be eligible for PUA benefits under the CARES Act, a "covered individual" must not be eligible for any other unemployment benefits and must certify that they are "otherwise able to work and available for work within the meaning of applicable State law" but are "unemployed . . . or unable . . . to work" as a result of specific statutorily enumerated factors (15 USC § 9021 [a] [3] [A]). Although claimant was ineligible for regular compensation or extended benefits, thereby satisfying the first requirement (see Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1425 [3d Dept 2022]), this provision "presupposes that [a claimant] has a place of employment . . . , removing from its scope individuals such as claimant who were not working . . . at the time" (Matter of Mangiero [Commissioner of Labor], 197 AD3d 1458, 1459 [3d Dept 2021], lv denied 38 NY3d 901 [2022]). Accordingly, as claimant sought PUA benefits for the period between academic terms outside of her contract, substantial evidence supports the Board's finding that claimant was ineligible for such benefits (see Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022]; Matter of Mikheil [Commissioner of Labor], 206 AD3d at 1425; Matter of Mangiero [Commissioner of Labor], 197 AD3d at 1459).
Egan Jr., J.P., Lynch, Clark and Ceresia, JJ., concur.
ordered that the decision is affirmed, without costs.