Matter of Cruz (Commissioner of Labor) (2023 NY Slip Op 02157)

Matter of Cruz (Commissioner of Labor)

2023 NY Slip Op 02157

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

535018
[*1]In the Matter of the Claim of Silvia C. Cruz, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 27, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Silvia C. Cruz, Brentwood, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

McShan, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 13, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
Claimant, a home health aide, applied for unemployment insurance benefits effective March 16, 2020 after her employment ended with two different employers. Based upon claimant's certifications, claimant collected unemployment insurance benefits, as well as federal pandemic unemployment compensation under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313; see also 15 USC § 9023) and lost wage assistance (see 44 CFR 206.120).
In two determinations, the Department of Labor determined that claimant was ineligible to receive unemployment insurance benefits beginning March 23, 2020 and April 6, 2020, upon the ground that she was not totally unemployed, that she had made willful misrepresentations to obtain benefits and that she was responsible for recoverable overpayments of regular unemployment benefits, federal benefits (see 15 USC § 9023 [f] [2]) and lost wage assistance benefits (see 44 CFR 206.120 [f] [5]). Additionally, claimant's right to receive future benefits was reduced by 176 days and civil penalties were imposed. Following hearings, an Administrative Law Judge upheld the determinations and the Unemployment Insurance Appeal Board affirmed. These appeals ensued.
We affirm. "Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Lee [Commissioner of Labor], 190 AD3d 1170, 1172 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Bebbino [Clare Rose Inc.-Commissioner of Labor], 174 AD3d 1238, 1239 [3d Dept 2019]). Inasmuch as claimant testified that she was working for other employers during the periods of time that she certified for unemployment insurance benefits, substantial evidence supports the Board's determination that she was ineligible for such benefits upon the ground that she was not totally unemployed (see Matter of Lee [Commissioner of Labor], 190 AD3d at 1172; Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d 1200, 1201 [3d Dept 2018]; Matter of Araman [Commissioner of Labor], 150 AD3d 1526, 1527 [3d Dept 2017]). As such, it follows that claimant was not eligible for federal pandemic unemployment compensation and lost wage assistance and those payments were also properly recoverable (see 15 USC § 9023 [f] [2]; 44 CFR 206.120 [f] [5]; Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022]; see also Matter of Johnson [Commissioner of Labor], 210 AD3d 1260, 1262 [3d Dept 2022]).[FN1]
As to the penalties imposed, "whether a claimant has made a willful misrepresentation to obtain benefits [*2]is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Schneider [Commissioner of Labor], 158 AD3d 882, 882-883 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d at 1201). Claimant admitted that when she certified for benefits between March 23, 2020 and September 27, 2020 she falsely represented that she was not working during that time, based upon her confusion and reliance on bad advice. Inasmuch as "a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Araman [Commissioner of Labor], 150 AD3d at 1528 [internal quotation marks and citation omitted]; see Matter of Crist [Commissioner of Labor], 113 AD3d 1016, 1017 [3d Dept 2014]), the Board's imposition of penalties will not be disturbed (see Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d at 1201; Matter of Lasker [Commissioner of Labor], 155 AD3d 1236, 1238 [3d Dept 2017], lv denied 31 NY3d 907 [2018]).
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: To the extent that claimant's brief can be read as a request that this Court forgive or waive any recoverable overpayment of federal pandemic unemployment compensation and lost wage assistance benefits, as noted by the Board, a separate process exists wherein a claimant may seek to obtain a waiver of overpayment of benefits that were made in error and/or through no fault of the claimant (see 15 USC §§ 9021 [d] [4]; 9023 [f] [2]; 9025 [e] [2]). Accordingly, claimant's request for a waiver is not properly before us on this appeal (see Matter of Lauriello [Commissioner of Labor], 213 AD3d 1129, 1131 [3d Dept 2023]).