Matter of Bell (Commissioner of Labor) (2023 NY Slip Op 02920)

Matter of Bell (Commissioner of Labor)

2023 NY Slip Op 02920

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

535290
[*1]In the Matter of the Claim of George Bell III, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

George Bell III, Buffalo, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 7, 2021, which ruled that claimant was ineligible to receive pandemic unemployment assistance.
Beginning in 2017, claimant worked as a seafood clerk for a supermarket chain until August 12, 2019 — prior to the onset of the COVID-19 pandemic — when he left his employment due to a serious medical condition and general health concerns. In September 2020, claimant filed a claim, made effective March 9, 2020, for unemployment insurance benefits. Thereafter, the Department of Labor found that claimant was ineligible for unemployment insurance benefits because claimant voluntarily quit his job without good cause and, from August 12, 2019, claimant was not ready, willing and available to work. Because he was not eligible for unemployment insurance benefits, claimant then applied for pandemic unemployment assistance (hereinafter PUA) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021). In support of that application, claimant certified that he was willing and available to work right away and that he was scheduled to begin employment on March 16, 2020 but that he could not do so because of the COVID-19 pandemic. The Department subsequently issued a determination finding that claimant was ineligible for PUA because his employment ended prior to the eligibility window (January 27, 2020) for receiving PUA (see 15 USC § 9021 [c] [1] [A] [i]) and he did not have a job scheduled to start on or about March 16, 2020. Claimant challenged the denial of his request for PUA, and, following a hearing, an Administrative Law Judge sustained the Department's determination with respect thereto, finding, as relevant here, that claimant was not rendered unemployed, partially unemployed or unable or unavailable to work as a direct result of any of the qualifying conditions enumerated in the CARES Act. By decision filed October 7, 2021, the Unemployment Insurance Appeal Board affirmed the decision of the Administrative Law Judge. Claimant appeals, contending that the Board erred in finding him ineligible for PUA.
We affirm. "Beginning in January 2020, PUA was available to covered individuals 'for weeks of unemployment, partial unemployment, or inability to work caused by COVID-19' " (Matter of Allutto [Commissioner of Labor], 209 AD3d 1250, 1251 [3d Dept 2022], quoting 15 USC § 9021 [c] [1] [A]; see Matter of Ward [Commissioner of Labor], 205 AD3d 1289, 1290 [3d Dept 2022]). "To be eligible for PUA benefits under the CARES Act, a 'covered individual' must not be eligible for any other unemployment benefits and must certify that they are 'otherwise able to work and available for work within the meaning of applicable State law' but are 'unemployed . . . or unable [or unavailable] to work' as a result of specific statutorily enumerated factors" (Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d 1127, 1129[*2][3d Dept 2023], quoting 15 USC § 9021 [a] [3] [A]).
Assuming, without deciding, that claimant was "able to work and available for work within the meaning of applicable State law" (15 USC § 9021 [a] [3] [A] [ii] [I]), claimant contends that he qualifies as a covered individual for PUA because he satisfies one of the statutorily enumerated factors; to wit, that he "was scheduled to commence employment and [did] not have a job or [was] unable to reach the job as a direct result of the COVID-19 public health emergency" (15 USC § 9021 [a] [3] [A] [ii] [I] [gg]). Although it is not controverted that claimant was ineligible for regular compensation or extended benefits, thereby satisfying the first requirement (see 15 USC § 9021 [a] [3] [A] [i]; Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d at 1129; Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1425 [3d Dept 2022]), claimant failed to establish his eligibility in that he conceded at the hearing that he, prior to the period of eligibility for PUA, voluntarily left his employment in August 2019 due to a medical condition and that he did not have a job offer in March 2020 and was not scheduled to commence working at any place of employment during the period of eligibility (see Matter of Ward [Commissioner of Labor], 205 AD3d at 1290-1291; Matter of Mangiero [Commissioner of Labor], 197 AD3d 1458, 1459 [3d Dept 2021], lv denied 38 NY3d 901 [2022]). Moreover, to the extent claimant contends that he was "unable to reach the place of employment because the individual has been advised by a health care provider to self-quarantine due to concerns related to COVID-19" (15 USC § 9021 [a] [3] [A] [ii] [I] [ff]), this provision "presupposes that [a claimant] has a place of employment to reach . . . , removing from its scope individuals such as claimant who were not working or scheduled to start working at the time they were directed to self-quarantine" (Matter of Mangiero [Commissioner of Labor], 197 AD3d at 1459; accord Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d at 1129). Having failed to fully satisfy the statutory criteria for PUA, we are unable to disturb the Board's determination that claimant was ineligible for such benefits. To the extent not specifically addressed, claimant's remaining contentions are without merit.
Garry, P.J., Egan Jr., Clark and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.