Matter of Johnson (Commissioner of Labor) (2023 NY Slip Op 06412)

Matter of Johnson (Commissioner of Labor)

2023 NY Slip Op 06412

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

534616
[*1]In the Matter of the Claim of Evonne Johnson, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

The Law Office of Aaron M. Gavenda, Rochester (Aaron M. Gavenda of counsel), for appellant.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 7, 2021, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
Claimant was employed part time for the employer during each school year since January 2018 as a primary project associate (hereinafter PPA) providing one-on-one support for elementary-age children, a union position governed by a collective bargaining agreement (hereinafter CBA) in effect through June 30, 2021. For the 2019-2020 school year, claimant was contracted to work 3.5 hours per day, five days per week, during the 10-month school year, at a set hourly rate which was scheduled to increase for the 2020-2021 school year under the terms of the CBA. Claimant also worked part time for the employer during the school year since 2012 in a nonunion position as a lunch monitor, subject to annual reappointment. Due to the COVID-19 pandemic, school was closed to in-person instruction as of March 16, 2020 and claimant was not required to report to work, although she continued to be paid her contractual wages as a PPA through June 27, 2020, i.e., through the end of the 2019-2020 school year. As the school was closed, claimant did not work as a lunch monitor and was not paid for that position. Claimant applied for unemployment insurance benefits on March 20, 2020, effective March 9, 2020, and thereafter received regular unemployment insurance benefits for 14 weeks (for the weeks ending March 22, 2020 through June 28, 2020 [hereinafter the first period]) and Federal Pandemic Unemployment Compensation benefits (hereinafter FPUC) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116—136, 134 US Stat 281, 313; see also 15 USC § 9023); claimant thereafter received additional amounts in FPUC and in Lost Wage Assistance (hereinafter LWA) for the period of June 29, 2020 through September 6, 2020.
On June 1, 2020, the employer sent claimant two letters intended to provide reasonable assurance of continued employment for the 2020-2021 school year with regard to both positions. In September 2020, claimant resumed working her part-time position as a PPA five days per week; she also resumed working part time as a lunch monitor, reduced to four days per week. The Department of Labor issued initial determinations on November 23, 2020, revised December 10, 2020, finding, among other things, that claimant was ineligible for unemployment insurance benefits on the basis that she was not totally unemployed during the first period, and that she had reasonable assurances of employment in both positions effective June 29, 2020 and, therefore, the wages paid to her in both positions could not be used to establish a valid original claim for benefits during the period between the two successive academic terms pursuant to Labor Law § 590 (11); she was charged with certain overpayments [*2]of FPUC and LWA.
Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the determination that claimant was ineligible for unemployment benefits because she received her regular wages as a PPA for the first period and, therefore, she was not totally unemployed. The ALJ did not address the overpayment of regular and FPUC benefits for that period, finding none had been ordered. The ALJ further held that claimant had reasonable assurances as of June 29, 2020 that her PPA position would continue into the next academic year but, overruling the initial determination in part, held that she did not have reasonable assurance as to her lunch monitor position and, thus, the overpayments of FPUC and LWA for the period of June 29, 2020 through September 6, 2020 were not recoverable.[FN1] On appeal, the Unemployment Insurance Appeal Board affirmed the ALJ's finding that claimant was not totally unemployed and, thus, was ineligible to receive benefits for the first period, but held that the FPUC benefits received during that period to which she was not entitled are recoverable; the Board further held that because claimant did not act in bad faith in accepting regular unemployment benefits during that period, they are not recoverable. The Board found that claimant had reasonable assurance of performing services in a similar capacity as a PPA at the same educational institution in the next academic year and, thus, the wages paid to her could not be used to establish a valid original claim pursuant to Labor Law § 590 (11). With regard to claimant's appeal of the ALJ's determination that she did not have reasonable assurance of continued employment as a lunch monitor, the Board held that the decision was not adverse to her and, consequently, she did not have standing to appeal from it, and dismissed the appeal as to that aspect of the determination.[FN2] Claimant appeals.
Claimant concedes that, while receiving unemployment insurance benefits, she was employed and paid her full salary as a PPA for the first period although not required to report to work, but disputes the Board's finding that she was not totally unemployed during that period, a prerequisite to receiving unemployment insurance benefits (see Labor Law § 591 [1]). "Total unemployment" is defined as "the total lack of any employment on any day" (Labor Law § 522 [emphasis added]). "Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022] [internal quotation marks and citations omitted]). As it was undisputed that claimant was paid her full salary for her five-day per week, part-time PPA position, substantial evidence supports the Board's finding that she was not totally unemployed and was ineligible to receive benefits for those weeks (see Matter of Chin [Commissioner [*3]of Labor], 211 AD3d at 1264; Matter of Robinson [Commissioner of Labor], 125 AD3d 1038, 1039 [3d Dept 2015], lv dismissed 26 NY3d 953 [2015]).[FN3] "Given the Board's finding that claimant was not totally unemployed and therefore ineligible for unemployment insurance benefits under state law, claimant was also not eligible to receive federal pandemic assistance under the CARES Act" (Matter of McNamara [Commissioner of Labor], 215 AD3d 1215, 1216 [3d Dept 2023] [internal quotation marks and citations omitted]; see 15 USC § 9023 [b] [1]; Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d 1211, 1212 [3d Dept 2023]).
Claimant further challenges the Board's finding that while she did not have reasonable assurance of employment as a lunch monitor, she did have such assurance as to her PPA position. "Labor Law § 590 (11), which is analogous to Labor Law § 590 (10) dealing with teachers and other educational professionals, precludes nonprofessionals who are employed by educational institutions from receiving unemployment insurance benefits during the time between two academic periods if they have received a reasonable assurance of continued employment" (Matter of Enman [New York City Dept. of Educ.-Commissioner of Labor], 161 AD3d 1368, 1369 [3d Dept 2018] [citations omitted], lv denied 32 NY3d 902 [2018]; see Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d 1127, 1128 [3d Dept 2023]). "A reasonable assurance has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Vazquez [Commissioner of Labor], 133 AD3d 1017, 1018 [3d Dept 2015] [internal quotation marks, ellipsis and citations omitted]), which "is a factual issue for the Board and, as such, its decision will be upheld if supported by substantial evidence" (Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d at 1128).
Here, despite the uncertainties created by the pandemic regarding in-person instruction, the employer sent claimant (and she acknowledged receiving) a letter in June 2020, as it had done in prior years, providing reasonable assurance of continued work in a PPA capacity for the 2020-2021 school year, regardless of state-mandated closures. The economic conditions of claimant's PPA employment were governed by the CBA then in effect, including the contractually increased salary and work hours. Claimant signed and returned the letter on June 1, 2020, indicating her intent to return as a PPA for the 2020-2021 school year, prior to certifying for benefits from June 29, 2020 through September 6, 2020. In view of the foregoing, substantial evidence supports the Board's finding that the employer provided claimant with a reasonable assurance of continued PPA employment, precluding her receipt of benefits [*4]between academic periods (see Labor Law § 590 [11]; Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d at 1128; Matter of Barnett [Broome County Community Coll.-Commissioner of Labor], 182 AD3d 763, 764 [3d Dept 2020], lv denied 35 NY3d 1077 [2020]; cf. Matter of Papapietro [Rochester City Sch. Dist.-Commissioner of Labor], 156 AD3d 1048, 1049-1050 [3d Dept 2017]). Claimant's remaining claims have been examined and found to be without merit.
Clark, J.P., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The ALJ remitted the matter for recalculation of claimant's benefit rate.

Footnote 2: To the extent that claimant argues that the Board erred in dismissing her appeal from the ALJ's determination regarding reasonable assurance of continued employment as a lunch monitor, it appears that she misconstrues the import of the Board's determination. The Board merely recognized that, since the ALJ held that, unlike the PPA position, claimant did not have reasonable assurance of continued employment in her lunch monitor position, overruling the contrary initial determination, her wages paid can be used to establish a valid original claim (see Labor Law § 590 [1]). Given that this aspect of the Board's determination was in claimant's favor and was not adverse to her in any respect, she was not aggrieved by it and the Board properly dismissed it (see CPLR 5511; Matter of Roach v Cornell Univ., 207 AD3d 931, 931-932 [3d Dept 2022]).

Footnote 3: The Board correctly determined that the amendments to Labor Law §§ 522 and 591 (1) (L 2021, ch 277, §§ 1, 12, 13, 31) regarding part-time work were not in effect until 2021, after the relevant benefit period, and, as such, are inapplicable. Labor Law § 591 (1) was amended to provide, among other things, that unemployment benefits, except as otherwise provided, are to be paid only to a claimant who is totally unemployed or "partially unemployed," subject to certain limitations.