Matter of Naher (Commissioner of Labor) (2024 NY Slip Op 01142)

Matter of Naher (Commissioner of Labor)

2024 NY Slip Op 01142

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

CV-22-2013
[*1]In the Matter of the Claim of Kamrun Naher, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

Kamrun Naher, Jackson Heights, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Egan Jr., J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 30, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
The Department of Labor issued initial determinations finding that claimant was ineligible to receive unemployment insurance benefits effective June 22, 2020 through July 25, 2021 upon the ground that she either was not totally unemployed or that she earned more than the maximum weekly benefit rate during the relevant period. Claimant was further charged with recoverable overpayments, and a monetary penalty was imposed due to her willful misrepresentations to obtain benefits. Following a hearing, an Administrative Law Judge upheld the initial determinations in a decision filed on October 19, 2021. Claimant's appeal of that decision was received by the Unemployment Insurance Appeal Board on March 10, 2022. By decision filed March 30, 2022, the Board dismissed claimant's appeal as untimely (see Labor Law § 621 [1]).
Claimant filed the present appeal from the Board's March 30, 2022 decision in June 2022. The Board thereafter reopened the decision upon its own motion and requested that this Court hold claimant's appeal in abeyance. Thereafter, by decision filed February 7, 2023, the Board rescinded its prior decision dismissing claimant's administrative appeal as untimely and affirmed the Administrative Law Judge's decision on the merits. The present appeal from the March 30, 2022 decision was then restored to this Court's calendar.
Although the merits of the February 7, 2023 decision would ordinarily be reviewable upon this appeal because "claimant is aggrieved by that decision in essentially the same manner as she was by the appealed-from decision" (Matter of Komar [Commissioner of Labor], 213 AD3d 1085, 1085 [3d Dept 2023] [internal quotation marks and citation omitted]; see Matter of Harry's Nurses Registry, Inc. [Commissioner of Labor], 171 AD3d 1410, 1411 n 1 [3d Dept 2019], lv denied 34 NY3d 907 [2020]), the record establishes that claimant did not take the appeal to this Court until more than 30 days after the March 30, 2022 decision was mailed. The appeal is therefore untimely and must be dismissed (see Labor Law § 624; Matter of Hart [Commissioner of Labor], 153 AD3d 1549, 1550 [3d Dept 2017]; Matter of Clark [Commissioner of Labor], 153 AD3d 1074, 1075 [3d Dept 2017]). We nevertheless note that, were we to reach the merits of the Board's February 7, 2023 decision, substantial evidence supports it in all respects (see Matter of Johnson [Commissioner of Labor], 210 AD3d 1260, 1262 [3d Dept 2022]; Matter of Robinson [Commissioner of Labor], 125 AD3d 1038, 1039-1040 [3d Dept 2015], lv dismissed 26 NY3d 953 [2015]).
Clark, Lynch, McShan and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as untimely, without costs.