Matter of Ficalora (Commissioner of Labor) (2024 NY Slip Op 06254)

Matter of Ficalora (Commissioner of Labor)

2024 NY Slip Op 06254

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-0717
[*1]In the Matter of the Claim of Susan Ficalora, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Susan Ficalora, Florida, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 21, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
For the 2019-2020 and 2020-2021 school years, claimant worked as a full-time teacher aide for the Orange-Ulster Board of Cooperative Educational Services (hereinafter BOCES) and as a part-time counselor for her local YMCA. Due to the COVID-19 pandemic, BOCES closed from March 9, 2020 through March 15, 2020 and then reopened for remote instruction; claimant worked remotely from March 16, 2020 through June 18, 2020, was paid through June 30, 2020 and did not work during summer 2020.[FN1] On or about June 16, 2020, claimant received a letter of reasonable assurance from BOCES informing her that she was expected to be able to return to work for the 2020-2021 school year in the same capacity and under substantially the same economic terms and conditions as in the prior school year. Notwithstanding the foregoing, claimant filed a claim for unemployment insurance benefits on April 27, 2020 (made effective March 9, 2020) and subsequently received regular unemployment insurance benefits and federal benefits under the Coronavirus Aid, Relief and Economic Security Act of 2020 (hereinafter the CARES Act).
In determinations dated September 1, 2021, October 22, 2021 and October 27, 2021, the Department of Labor held that claimant was ineligible for unemployment insurance benefits (1) for the periods March 16, 2020 through June 30, 2020 and September 7, 2020 through October 11, 2020 because she was not totally unemployed and (2) for the period June 29, 2020 through September 6, 2020 — to wit, the period between academic terms — because claimant worked for BOCES under an annual contract and had received a reasonable assurance of continued employment as a teacher aide with BOCES. Given her ineligibility for benefits during the relevant time periods, the Department held that claimant was subject to the recovery of overpayments of benefits. The Department further held that claimant had made willful misrepresentations to obtain benefits and imposed forfeiture and monetary penalties as a result thereof. The Unemployment Insurance Appeal Board ultimately sustained the Department's determinations, and claimant appeals.
We affirm. "Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Lee [Commissioner of Labor], 190 AD3d 1170, 1172 [3d Dept 2021] [internal quotation marks and citations omitted]; see Labor Law §§ 522, 591 [1]). Inasmuch as claimant indicated that she did not work on any day when certifying for benefits during the periods March 16, 2020 through June 30, 2020 and September 7, 2020 through October 11, 2020 — when she did in fact work for BOCES and received [*2]her annual salary pursuant to a collective bargaining agreement — substantial evidence supports the Board's determination that she was ineligible for the benefits received during these periods upon the ground that she was not totally unemployed (see Matter of Lee [Commissioner of Labor], 190 AD3d at 1172; Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d 1200, 1201 [3d Dept 2018]; Matter of Araman [Commissioner of Labor], 150 AD3d 1526, 1527 [3d Dept 2017]).
Pursuant to Labor Law § 590 (10), "[a] professional employed by an educational institution is precluded from receiving unemployment insurance benefits for the period between two successive academic years when he or she has received a reasonable assurance of continued employment" (Matter of Cieszkowska [Commissioner of Labor], 155 AD3d 1502, 1502 [3d Dept 2017] [internal quotation marks and citations omitted]; accord Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d 1127, 1128 [3d Dept 2023]). "A reasonable assurance has been interpreted as a representation by the employer that substantially the same economic terms and conditions will continue to apply to the extent that the claimant will receive at least 90% of the earnings received during the first academic period" (Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d at 1128 [internal quotation marks and citations omitted]; accord Matter of Vazquez [Commissioner of Labor], 133 AD3d 1017, 1018 [3d Dept 2015]). "This is a factual issue for the Board and, as such, its decision will be upheld if supported by substantial evidence" (Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d at 1128 [citations omitted]). During the relevant time period, claimant had been a full-time teacher aide for approximately 10 years and was a member of a union with a collective bargaining agreement in effect that provided for salary step increases each year. Claimant also received the June 16, 2020 reasonable assurance letter from the employer informing her that she would be employed for the 2020-2021 school year in the same capacity and receive earnings equal to or greater than her previous year's earnings. In view of the foregoing, substantial evidence supports the Board's conclusion that claimant received a reasonable assurance of continued employment and was, therefore, ineligible to receive benefits for the period beginning June 29, 2020 and ending September 6, 2020 (see Labor Law § 590 [10]; Matter of Overacker [Churchville-Chili Cent. Sch. Dist.-Commissioner of Labor], 213 AD3d at 1129; Matter of Vazquez [Commissioner of Labor], 133 AD3d at 1018).
Inasmuch as claimant was not eligible for unemployment insurance benefits during the above time periods at issue, the CARES Act benefits and lost wages assistance paid to claimant were properly recoverable (see Matter of Lauriello [Commissioner of Labor], 213 AD3d 1129, 1131 [3d Dept 2023]; Matter [*3]of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022]; see also Matter of Johnson [Commissioner of Labor], 210 AD3d 1260, 1262 [3d Dept 2022]). "As to the penalties imposed, whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1204-1205 [3d Dept 2023] [internal quotation marks and citations omitted]). When claimant applied for benefits, claimant denied having worked for an educational institution in the prior 18 months, and she thereafter falsely represented that she was not working during the time periods in which she certified for benefits. Although claimant expressed confusion about her claim and attributed her misrepresentations to bad advice from the Department, " 'a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion' " (id. at 1205, quoting Matter of Araman [Commissioner of Labor], 150 AD3d at 1528). The foregoing constitutes substantial evidence to support the Board's determination that claimant made willful misrepresentations to obtain benefits, and we are therefore unable to disturb the Board's imposition of recoverable overpayments of unemployment insurance benefits and penalties (see Matter of Lauriello [Commissioner of Labor], 213 AD3d at 1131; Matter of Johnson [Commissioner of Labor], 210 AD3d at 1262; Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d at 1201).
Clark, J.P., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: From March 16, 2020 through June 18, 2020, claimant did not work for her local YMCA.