Matter of Sharma (Commissioner of Labor) (2026 NY Slip Op 00295)

Matter of Sharma (Commissioner of Labor)

2026 NY Slip Op 00295

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CV-24-1632
[*1]In the Matter of the Claim of Mala Sharma, Appellant. Commissioner of Labor, Respondent.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

Mala Sharma, Richmond Hill, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 2024, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
In October 2020, claimant was employed full time as a home health aide while also maintaining employment with a logistics company. After she was terminated from her employment with the logistics company, claimant applied for unemployment insurance benefits. Claimant then certified online for benefits for the weeks ending October 18, 2020 through September 5, 2021 and indicated that, during each of the weeks in question, she worked zero days and did not earn more than the weekly benefit rate. Based upon those weekly certifications, claimant received unemployment insurance benefits for the period in question, as well as federal pandemic unemployment compensation (hereinafter FPUC) (see 15 USC § 9023) and pandemic emergency unemployment compensation (hereinafter PEUC) (see 15 USC § 9025). During the time that claimant certified for benefits, however, she continued working full time as a home health aide.
The Department of Labor later determined that claimant was ineligible to receive unemployment insurance benefits for this period because she was not totally unemployed and/or earned more than the maximum weekly benefit rate during the claim period and charged her with a recoverable overpayment of regular, PEUC and FPUC unemployment benefits, imposed a monetary penalty and reduced claimant's right to receive future benefits on the basis that she made willful misrepresentations to obtain benefits. Following a combined hearing, an Administrative Law Judge, among other things, sustained the initial determinations.[FN1] The Unemployment Insurance Appeal Board affirmed, and claimant appeals.
We affirm. "Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Knehnetsky [Commissioner of Labor], 239 AD3d 1218, 1219 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Svarczkopf [Commissioner of Labor], 233 AD3d 1117, 1118 [3d Dept 2024]). Inasmuch as claimant indicated that she did not work on any day when certifying for benefits during the weeks ending October 18, 2020 through September 5, 2021 — when she did in fact work as a home health aide and continued receiving her regular hourly pay that exceeded the maximum weekly benefit rate (see Labor Law § 590 [5]) — substantial evidence supports the Board's determination that she was ineligible for the benefits received during the benefit period upon the ground that she was not totally unemployed (see Matter of Nottage [Commissioner of Labor], 234 AD3d 1163, 1165 [3d Dept 2025]; Matter of Stoddard [Farm Family Cas. Ins. Co. Corp.-Commissioner of Labor], 228 AD3d 1198, 1199 [3d Dept 2024]; [*2]see also Matter of Park [Commissioner of Labor], 231 AD3d 1248, 1249 [3d Dept 2024]). Accordingly, "claimant was not eligible for federal pandemic assistance and, therefore, the FPUC and PEUC benefits paid to [her] were properly recoverable" (Matter of Knehnetsky [Commissioner of Labor], 239 AD3d at 1219; see Matter of Lauriello [Commissioner of Labor], 213 AD3d 1129, 1131 [3d Dept 2023]).
"As to the penalties imposed, whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Ejim [Commissioner of Labor], 238 AD3d 1461, 1463-1464 [3d Dept 2025] [internal quotation marks and citations omitted]). It was undisputed that claimant continued to work as a home health aide and received her regular hourly pay during the period in issue, that she failed to disclose this fact when certifying for unemployment benefits, and that she certified weekly that she had not worked any days that week, receiving various unemployment insurance benefits on that basis. In arguing that her misrepresentations were not made with willful intent, claimant relies on her confusion regarding whether she could file for unemployment benefits after losing one of her two jobs and her unreturned calls to the Department, and further points to her monetary benefit determination from the Department which included both jobs she held in October 2020 as evidence that the Department knew about her continuing employment as a home health aide from the time of her application. Nevertheless, claimant was unambiguously asked each week for 46 weeks,[FN2] without qualification, if she had worked the prior week or earned over $504 and certified that she had not, knowing that she had continued to work each week as a home health aide and, in each week, had earned over the specified maximum benefit amount. It should be noted that "a willful false statement or misrepresentation is one which was made knowingly, intentionally or deliberately, and criminal intent need not be shown, and a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was the result of confusion" (Matter of Yura [Commissioner of Labor], 224 AD3d 1055, 1057-1058 [3d Dept 2024] [internal quotations marks, ellipsis and citations omitted]; see Matter of Araman [Commissioner of Labor], 150 AD3d 1526, 1528 [3d Dept 2017]). The Board, as the sole arbiter of credibility, was also entitled to reject claimant's exculpatory testimony, including her claim that she believed that she did not need to report her ongoing work and that she had not read the questions carefully (see Matter of Stoddard [Farm Family Cas. Ins. Co. Corp.-Commissioner of Labor], 228 AD3d at 1200; Matter of Yura [Commissioner of Labor], 224 AD3d at 1058; Matter of Canonico [Commissioner of Labor], 217 AD3d 1307, 1308-1309 [3d Dept 2023]). Claimant also contends that she should have been provided an [*3]unemployment insurance handbook in the mail, which would have advised her that she was ineligible to receive unemployment insurance benefits based upon maintaining her employment as a home health aide. However, " '[r]egardless of whether claimant read the unemployment insurance handbook online, [she] is charged with constructive knowledge of its contents' " (Matter of Stoddard [Farm Family Cas. Ins. Co. Corp.-Commissioner of Labor], 228 AD3d at 1200 [brackets omitted], quoting Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1289 [3d Dept 2022]). As the Board's finding that claimant made willful false statements to obtain benefits is supported by substantial evidence, its decision will not be disturbed (see Matter of McNamara [Commissioner of Labor], 215 AD3d 1215, 1216-1217 [3d Dept 2023]; Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1204-1205 [3d Dept 2023]). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Aarons, J.P., Ceresia, Fisher and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Administrative Law Judge also granted claimant's application to reopen the prior decision entered on default.

Footnote 2: Claimant certified that for the statutory week ending December 13, 2020, she was not ready, willing, or able to work, and accordingly did not receive unemployment insurance benefits for that week.